LAWRENCE, RAPELYE & CO.   v.   ROBERT WARE.

In an original attachment, the affidavit of a garnishee, taken before a
justice of the peace, and without summons ; furnishes no foundation
for proceeding against defendant.

JUDGE GAYLE delivered the opinion of the Court.

THIS action is founded on an attachment issued by a
justice of the peace, on the 16th of September, 1823,
against the plaintiffs in error, who reside out of this
State.    The attachment was not levied on any article of
property, but a summons for John Duncan jr & Co., and
others, as garnishees, was served by the sheriff, on the
agent of  Duncan & Co. requiring them to appear and
say in what sum they were indebted to Lawrence, Rape-
lye & Co.    At the fall term, 1823, Ware filed his dec-
laration, reciting that the defendants were attached by
their goods, &c.    At March term, 1824, a judgement by
default was taken against the defendants, and against
Duncan & Co. as garnishees, they having failed to ap-
pear.    The cause was continued till March term, 1825,
when the default against the garnishees was set aside,
and a scire facias, which had issued against them, quashed.
At the ensuing September term, the affidavit of John
Duncan jr., which had been taken before a justice of
the peace, was brought into Court, in which he ac-
knowledged that he had certain notes in his possession,
amounting to $344 70, for which sum, he agreed that

JANUARY 1827. judgement should be entered against him, which was done. At the next term, a writ of enquiry was awarded, and a verdict returned for $2032 29, the judgement formerly rendered against Duncan set aside, and a judgement again entered against him.

Lawrence, Rapelye & Co.
v.
Robert Ware.

This cause was thus kept in progress from March 1823, till September 1825. It does not appear that the defendants had any property in the state, which could be reached by an attachment. This being a proceeding *in rem*, must be founded on a levy of the attachment on property or on debts, &c. appearing by the answer of the garnishee in obedience to the summons, and one or the other is an indispensable prerequisite to any step to be taken in the cause after the attachment has issued. In the present case, the property of the defendants was not affected by the attachment until after judgement by default had been taken, nor until the term at which final judgement was rendered, and the whole proceedings in the Circuit Court up to this period, were irregular and erroneous.

These matters are not embraced by the assignment of errors but it is deemed proper to express an opinion for the purpose of regulating the practice in the Inferior Courts.

The assignment is, that judgement was rendered against John Duncan, jr. as garnishee, on his affidavit before a magistrate, and without any summons executed on him. It so appears on the record. The affidavit was voluntary and not in obedience to any process. It is important that the examination of the garnishee should be in open Court, in order to protect the rights of absent defendants, and to prevent the abuses to which this mode of instituting an action is liable. The judgement must be reversed.