6p 365
103  312

## SMITH vs CHAPMAN & BROTHER.

1. A garnishee cannot take advantage of an irregularity, in the proceedings, between parties to an attachment.

2. If a garnishee answer in the court below, without objecting to a defect in the process against him, he cannot be permitted, on a writ of error, to allege that he was not served according to the forms prescribed by law.

3. Where a garnishee, by his answer, does not admit a debt to be due, and payable from himself, to the defendant in attachment, no judgment can be rendered.

4. So, where a garnishee admitted, that he was indebted to the defendant in attachment, a certain sum, to be paid in "store accounts," the court had no authority to change the liability of the garnishee, and make him liable as for a money demand:

5. And it is no answer to this view of the subject, to allege, that unless a judgment can be rendered, the plaintiff in attachment, would be remediless; for the attaching creditor, is, by the levy, entitled to a priority of satisfaction, out of the demands, as a part of the estate of his debtor, and the proper mode would be, for the plaintiff in the attachment, to pro-

6p                    44

ceed in equity, to have the demands assigned and collected, for the satisfaction of his judgment.

Error to the Circuit court of Dallas county.

Proceedings by attachment. In this case, a writ of attachment, from a justice of the peace, issued against George Cater, in favor of Chapman & Brother, at the instance, and on the oath of Joseph Chapman, one of the firm of Chapman & Brother; and summons of garnishment was served on Joseph Smith, the plaintiff in error, in which summons, the plaintiff in the attachment. was described as Joseph Chapman :

And at the Fall term, eighteen hundred and thirty six, of the Circuit court of said county, William Chapman and Joseph Chapman, partners, using the name and style of William Chapman & Brother, declared against George Cater, attached by his rights and credits, to answer of a plea of trespass on the case, that defendant, on a day mentioned, was indebted to plaintiffs in the sum of two hundred dollars, for the price of goods, then and there bargained and sold by plaintiffs to defendant, at his request, &c. and then and there promised to pay the same on request; yet, disregarding his promise, had not paid the same, or any part thereof, &c.

And at the same term, said Joseph Smith, who was summoned as a garnishee, came into open court, and being sworn, stated, that at the date of the service of the attachment, he was indebted to the said Cater, in the sum of one hundred and nine dollars, to be paid in store accounts, due at the date of said service of the attachment ; and affiant stated, that he owed said Cater no other money ; had no property or effects of his in affiant's hands ; and knew of no other person or persons, who were indebted to, or had property or effects of said Cater, in their hands: It was,

therefore, considered by the court, that the said garnishee should hold in his hands, the said sum of one hundred and nine dollars, in store accounts, so acknowledged to be due as aforesaid, subject to the further order of the court.

And at the Spring term, eighteen hundred and thirty seven, of the same court, the plaintiff came, and the defendant, being solemnly called, came not, but made default: It was, therefore, considered by the court, that the plaintiffs recover of the defendant their damages, &c. But inasmuch as those damages were unknown, it was required that a jury come, to inquire of, and assess the same: and a jury having been elected and sworn, well and truly to assess the damages, upon their oaths said, they assessed the same at one hundred and six dollars, and thirty two cents: It was, therefore, considered by the court, that the plaintiffs recover of defendant, the said sum of one hundred and six dollars and thirty two cents, assessed as aforesaid, and the costs in this behalf by said plaintiffs expended.

And Joseph Smith, having answered as a garnishee in the cause, at the last term, that he was indebted to said George Cater, in the sum of one hundred and nine dollars: It was, therefore, considered by the court, that the plaintiffs recover of the said Joseph Smith, the said sum of one hundred and nine dollars, so acknowledged to be due and owing as aforesaid.

From this judgment, there was a writ of error, and the plaintiff in error, here assigned—

1st. That the court below, erred in giving judgment, against the garnishee, for the sum of one hundred and nine dollars, when he had answered, that he was indebted to George Cater, the defendant in the attachment, in the sum of one hundred and nine dollars, to be paid in store accounts.

2d. The court erred in giving judgment against the garnishee, for the sum of one hundred and nine dol-

lars, when the judgment against the defendant in the attachment, was for one hundred and six dollars and thirty two cents.

3d. The court erred in giving judgment against the garnishee, for any amount of money.

4th. The court erred in rendering a judgment against the garnishee, at all.

*J. B. Clarke*, for the plaintiff in error.
*Edwards*, contra.

*Clarke*, for the plaintiff in error, contended that the court ought not to have rendered a judgment against the garnishee at all; and to support this position, cited—1 Aik. Dig. 38 to 42 : 2 Bibb 572 : 1 Stewart 34 : and that if any judgment in such a case could be rendered, it ought to have been differently rendered and ascertained: and to this effect cited—2 Aik. Dig. 42 and '3, sec. 18, 19, 22; 2 Stewart 86; 2 Porter 546.

GOLDTHWAITE, J.—A writ of attachment was sued out before a justice of the peace of Dallas county, returnable to the Circuit court, at the suit of Chapman & Brother, against the estate of George Cater. This writ is directed to any lawful constable of Dallas county; and is returnable "executed," by one who may be presumed to answer to the description of the officer named, from the addition, after his name, of the letters C. D. C. No instructions are endorsed on the writ, for the officer to execute it by the service of a garnishee process, on any person; but a summons of garnishment, to Smith, the plaintiff in error, signed by the same person, who makes return of the writ of attachment, follows it in the record, without any return endorsed thereon. This summons, describes the attachment with accuracy, except the description of the plaintiff, who in this, is stated to be Joseph Chapman, instead of Chapman & Brother. At the appearance term, Smith came into open court,

and stated on oath, that at the date of the service of the attachment, he was indebted to the said Carter, in the sum of one hundred and nine dollars, *to be paid in store accounts,* due at the date of the service of the attachment; and that he owed said Cater no other money, &c. On this answer, it was considered by the court, that the said garnishee, held in his hands, the said sum of one hundred and nine dollars, in store accounts, so acknowledged to be due as aforesaid, subject to the further order of the said court. At the next term, a judgment by default, was rendered against Cater, the defendant in attachment, and the plaintiff's damages were assessed, by a jury, at one hundred and six 37-100 dollars, for which sum judgment was rendered against the said Cater, as well as for the costs of suit. At the same term, judgment was rendered against Smith, the garnishee, for the sum of one hundred and nine dollars, on his answer made at the previous term. To reverse this judgment, Smith now prosecutes his writ of error to this court, and here insists that the judgment rendered against him is erroneous —

1st. Because of the irregularity of the proceedings against the defendant in attachment:

2d. Because no process of garnishment, was served on him:

3d. Because no debt is admitted to be due, by his answer, for which the court could render a judgment.

The first point on which the plaintiff in error relies, has received the repeated adjudication of this court. In *Stebbins* vs. *Fitch,*[*] it was determined, that the garnishee cannot be permitted to take advantage of any irregularity in the proceedings between the parties to the attachment. The same rule was reiterated in *Thompson* vs. *Allen.*[†]

The second position, is also untenable. The garnishee answers without objecting to any defect in the pro-

---

*1 Stewart, 180.  †4 Stewart & Porter 184.

cess against him, and cannot now be permitted to allege that he was not served according to the forms prescribed by law. The case of *Lawrence, Rapelye & Co.* vs. *Ware*,* was on a writ of error, prosecuted by the *defendant* in attachment, and the court there decided, that inasmuch, as there was no service by a levy on property, or any legal garnishment, the proceedings could not be supported.

The only remaining point to be noticed, is the one of the most importance; and it presents a question of some difficulty, which has heretofore been collaterally before this court; but on which no opinion has hitherto been rendered necessary. In the the case of *Allen* vs. *Morgan*,† the garnishee answered, that he was indebted to the defendant in attachment, by note, but had offsets, and could not know until a settlement was had, how the balance was. It was decided that a judgment could not be rendered against him, on this answer. So in the case of *Presnell* vs *Mabry*,‡ the garnishee admitted that he was the administrator of an estate, of which the defendant in attachment, was a distributee; and that he had funds of the estate in his hands, but that he was informed, that the defendant in attachment, had assigned his interest in the estate to another: it was held that no judgement could be rendered. In each of these cases, it is probable that the attaching creditor might, under the attachment laws, have acquired by his attachment, some rights of priority, but because no debt was admitted by the answer, to be due and payable, a judgment couldnot be rendered.

In the present case, the garnishee does not admit, that he owes the defendant in attachment, any sum of money whatever; but that he is indebted to him in a certain sum, to be paid in *store accounts*, then due. The Circuit court, had no authority under the law,†to change the liability of the garnishee, and make him liable as

---

*1 Stewart 33.          †1tew. 9.          ‡3 Porter 165.

for a money demand; and it is no answer to this objection, to allege, that unless he can sustain this judgment, the plaintiff in attachment will be remediless; for although it may not be a case, which is within the attachment laws, it does not follow that there is no remedy.

This is certainly not the case of indebtedness to the defendant in the attachment, for specific property; nor is it a possession by the garnishee of property, goods, or effects, which can be delivered to the officer, serving the attachment, within the terms of the nineteenth and twenty-second sections of the attachment laws. The officer would have no authority to sell, nor the court, as a court of law, to order the sale of the accounts, if the garnishee was authorised to deliver them.

The case is one which is not met by any statutory enactment, so far as relates to the disposition of the demands, although it is clear that the attaching creditor is, by the levy, entitled to a priority of satisfaction, out of those demands as a part of the estate of his debtor; but the Circuit court, as a court of law, cannot make any order, which can meet the exigency of the case; and the only proper mode would be, for the plaintiff in the attachment, to proceed in equity, to have the demands assigned, and collected for the satisfaction of his judgment.

The judgment rendered by the Circuit court, must be reversed; and if desired, the cause will be remanded, in order that other proceedings may be had, not inconsistent with this opinion.