## JONES v. NORRIS, SURVIVING PARTNER, &c.

1. On the trial of an issue, made up on the answer of a garnishee, who claimed to hold certain effects of the defendant in execution, by virtue of a conveyance from him; proof of what he said at, and previous to the conveyance, for the purpose of impeaching the transaction as fraudulent, is not admissible, unless the declaration were made in the presence of the garnishee.

2. Such illegal evidence cannot be made good by the instruction of the Court to the jury, that it should not prejudice the garnishee.

3. A promissory note or other *chose in action*, cannot be condemned to satisfy the plaintiff's demand.

4. Whether in such a case, garnishment should issue against the persons liable to pay such *choses in action*, or whether a bill in Chancery must be filed for that purpose *quere*.

Error to Coosa Circuit Court.

MORRIS, for the plaintiff in error.
No counsel appeared for the defendant.

ORMOND, J.—The questions of law presented on the record, arise out of an issue to try the truth of an answer made by the plaintiff in error, to a summons of garnishment, issued by the defendant in error, a judgment creditor of one James F. Johns.

The record is exceedingly defective, as it does not contain either the answer of the garnishee, or the issue tendered by the defendant. From the bill of exceptions, it appears, that the answer, among other things, set forth, that various promissory notes were endorsed and assigned to the garnishee, by Johns in consideration of certain liabilities incurred by the garnishee for him. That the defendant in error, proposed to introduce evidence to prove that the assignment and transfer of the notes from Johns to the garnishee, was fraudulent and void, as against the defendant in error. To the introduction of this evidence, the garnishee objected, but the objection was overruled by the Court.

The Court also permitted evidence to go to the jury, consisting of the declarations of Johns, of his intention to transfer his goods, at and previous to the alledged transfer of his effects, to show the intention of Johns, but should not be taken by the jury, to prejudice Jones—to which also, the plaintiff in error objected.

It appears that the garnishee admitted by his answer, that he held notes and other effects of Johns, the defendant in execution, in his hands, which he insisted on his right to retain to discharge certain liabilities of Johns, for which he was bound. The answer in this particular, would be contradicted by proof that the transaction was fraudulent, and evidence tending to that result, would certainly be competent under the issue.

Declarations of Johns, at or previous to the time of the transfer to the garnishee, and in his presence, would certainly be competent evidence to show the intention of the parties in the particular transaction ; but the declaration of Johns, either at

or previous to the alledged transfer, could not be binding on the garnishee, unless made in his presence.

We infer that these declations were not made in the presence of the garnishee, from the atempt, on the part of the Court, to limit the effect of the evidence on the minds of the jury, to the "*intention of Johns ;*" and that it should not prejudice Jones —why then, was it permitted to go to the jury ? Jones claimed to hold the property as his own to satisfy certain liabilities of Johns, for which he was bound; and it is not easy to conceive how evidence, which went to establish a fraudulent intention in Johns in the transfer, could fail to inculpate the garnishee also. If, however, such a thing were possible, the evidence, unless it showed a participation in the meditated fraud, by the garnishee, was not evidence against *him*, it was at least entirely irrelevant, and on that ground, from its tendency to mislead the jury should have been excluded.

The judgment in this case, is not only for the money, which the garnishee owed the defendant in attachment; but as we understand it, is also rendered for the choses in action, which the jury found to be in the hands of the garnishee. The language, is, "and it is further considered, that the said choses in action be condemned to satisfy the plaintiff's demand." In Smith v. Champman, 6 Porter 365, the garnishee admitted an indebtedness in " store accounts," and this Court held, that no judgment could be rendered against the garnishee on such an answer. In Sims v. Sheffield & Co., 1 Ala. Rep. N. S. 134, the Court below had directed a sale of promissory notes, and this Court refused at the instance of the garnishee, to revise the judgment of the Court, as he had voluntarily placed the note in the possession of the Court.

It is very clear however, that the Court cannot direct a sale of a mere chose in action; whether in such a case, it would be necessary to garnishee the maker of the note, or whether resort must be had to a Court of Chancery, it is not necessary now to determine. There are several other questions presented by the assignments of error, which from the state of the record cannot be examined. Let the judgment be reversed and the cause remanded.