## ODEN v. RIPPETOE.

1. Evidence of an offer on the part of the defendant in execution to transfer his property to another for the purpose of delaying creditors, cannot be given in evidence to affect the claimant who subsequently purchased the same property from the defendant in execution.

2. Nor is such evidence admissible with the limitation that it shall only affect the claimant, if subsequent evidence will authorize the jury to infer that the claimant received the property under the same circumstances.

WRIT of Error to the Circuit Court of Talladega county.

Trial of the right of property levied on by virtue of an execution at the suit of Rippetoe against William T. Stubblefield and claimed by Oden.

At the trial of the suit, the slaves were shown to have been in the possession of Oden, under a sale from Stubblefield, at the time of the levy.

The plaintiff then offered to prove that a short time before the sale of the slaves to Oden by Stubblefield, the last named person had offered to convey them to the witness, who spoke of the transaction for the purpose of preventing them from being sold under executions, upon judgments which Stubblefield said were about to be obtained against him. Oden was not present when this offer was made, nor did the witness know that he knew or had ever heard of it. This evidence was opposed by the claimant, but was admitted by the Court, and an exception was taken.

It appears from the bill of exceptions, that this evidence was permitted to go to the jury, under the limitation that if they, from any thing subsequently shown in evidence, could properly infer that Oden had received a deed under similar circumstances, this evidence would be legitimate, but not otherwise. Much other evidence was before the jury which is unnecessary to be stated, as the opinion of the Court is founded on the question of admission merely.

A verdict and judgment having been given against the claimant, he seeks to reverse the judgment, alledging the admission of this evidence to be erroneous.

RICE and PECK for the plaintiffs in error.
CHILTON, contra.

GOLDTHWAITE, J.—It is not easy to perceive what legal influence could be exerted upon this case, by the evidence admitted, even when the utmost weight is accorded to the limitations under which it was permitted to go to the jury.

If it is conceded that the evidence subsequently admitted might lead the jury to the conclusion that the conveyance from Stubblefield to Oden was made for the purpose of delaying oth-

er creditors, the fact that others had been requested by Stubblefield to cover the property, would have no tendency to make any doubtful matter with respect to Oden's participation in the fraud more clear.

To render the sale from Stubblefield to Oden invalid on the ground of fraud, it was necessary to show that Oden participated in it.

The evidence admitted, goes no farther than to show an intention, or wish, on the part of Stubblefield, at a former period to cover his property, but has no tendency to connect Oden with him, either in intention or act. It is impossible to distinguish this from the case of Jones v. Norris, [2 Ala. Rep. 526,] in which evidence of the same description was irrelevant.

The judgment is erroneous for this reason, and is reversed, and the cause remanded.