Baltimore, Ohio and Chicago Railroad Company *v.* Taylor *et al.*

———◆———

No. 7996.

BALTIMORE, OHIO AND CHICAGO RAILROAD COMPANY *v.* TAYLOR ET AL.

ATTACHMENT.—*Garnishee.*—*Appearance.*—*Summons.*—*Continuance.*—*Practice.*
—A motion by a garnishee to set aside the service of summons upon him

Baltimore, Ohio and Chicago Railroad Company *v.* Taylor *et al.*

comes too late after the garnishee has submitted to a rule to answer and agreed to a continuance of the cause.

SAME.—*Record.*—*Supreme Court.*—Unless the motion by a garnishee to set aside the service of summons upon him is contained in a bill of exceptions, it is not properly in the record.

SAME.—*Pleading.*—*Reply.*—To an answer by a garnishee, that nearly four years after the service of summons upon him, the plaintiff had amended his affidavit of garnishment by striking out of the name of the principal defendant "Jonathan," and inserting instead the name "Johnson," and that before said amendment the garnishee had fully paid said "Johnson," without notice, etc., it was replied that the principal defendant was as well known, at the commencement of the suit, by the name "Jonathan" as "Johnson," which was well known by the garnishee before he paid said "Johnson."

*Held,* that the reply was good on demurrer.

SAME.—*Practice.*—*Bond.*—Objection by garnishee, after appearance of the principal defendant, to the attachment bond, can not be entertained. The bond is sufficient if signed by the surety only.

SAME.—*Amendment.*—The amendment of the original affidavit and undertaking in attachment, without objection by the principal defendant who appears, is not a matter to which a garnishee can make objection.

SAME.—*Non-Residence of Defendant.*—The non-residence of the principal defendant in attachment, as a ground for attachment, if not questioned by him, is not an issue as between the plaintiff and garnishee, upon denial by the latter of indebtedness to the principal defendant.

SAME.—The correction of a misnomer of the principal defendant in attachment, where he appears, does not vitiate the proceedings against the garnishee, nor lessen the protection which the proceedings would otherwise afford the latter against the former.

SAME.—*Judgment.*—*Costs.*—Where the garnishee is found to be indebted to the principal defendant in a sum sufficient to pay the plaintiffs and the costs, it is not error to adjudge costs against the garnishee.

From the Marshall Circuit Court.

*J. H. Carpenter, J. W. Cook, M. A. O. Packard* and *O. M. Packard,* for appellant.

*M. H. Weir* and *W. B. Biddle,* for appellees.

MORRIS, C.—On the 18th day of December, 1873, Thomas H. B. Teeples commenced a suit against Johnson Virtue, to recover $136.37 for work and labor. Teeples filed, with his complaint, an affidavit stating the nature of his cause of action, that it was just, the amount he ought to recover, and

that Virtue was not a resident of the State. Upon this affidavit he procured an attachment to be issued against the property of Virtue, filing an undertaking with surety for the due prosecution of the attachment proceedings. He also filed an affidavit that the appellant was indebted to Virtue, and procured a writ of garnishment to be issued in the cause against the appellant, which seems to have been served upon one Crocker, who was, at the time, the appellant's resident engineer. On the 18th day of March, 1874, James B. Taylor filed, in said court, his complaint against said Virtue, for work and labor, goods sold and boarding furnished the said Virtue, amounting to $411. He also filed, with his complaint, an affidavit and undertaking, for an attachment against the property of Virtue, and an affidavit as to the indebtedness of the appellant to said Virtue.

On the 29th day of April, 1874, William H. H. Dodd filed his complaint, in said court, against said Virtue, with an affidavit and undertaking, for an attachment against the property of said Virtue, and an affidavit alleging that the appellant was indebted to said Virtue.

On the same day William W. Whipple commenced a suit in said court, against the said Virtue, for money loaned and work and labor. He also filed affidavits and an undertaking as had the other parties commencing suits against said Virtue.

On the 25th day of January, 1876, Eli Taylor and Calvin J. Wright commenced a suit, in said court, against Virtue, for the balance of an amount amounting to $500.49. They also filed an undertaking and affidavits, for an attachment against the property of Virtue, and an affidavit for a writ of garnishment against the appellant.

The suits, subsequent to that of the original suit of Thomas H. B. Teeples against said Virtue, were commenced and prosecuted under and as part of said original suit in attachment.

It appears, from the record, that the defendant Virtue was served with process in all the cases. He appeared and answered to the original action by a general denial.

On May the 5th, 1874, the appellant, by its attorney, Mr. Cole, appeared, submitted to a rule to answer, and entered of record its agreement for a continuance of the cause.

It also appears that the several causes, as between the plaintiffs therein and the defendant Virtue, were submitted to the court for trial; that the court found in favor of the several plaintiffs, and against Virtue, but that no entry was made at the term at which the trial was had of the findings or judgment of the court. At a subsequent term of the court, upon the motion of the appellees, the court caused an entry to be made *nunc pro tunc* of its former findings and judgment.

The appellant moved the court to set aside the writ of garnishment; also, to strike from the docket the complaints of Dodd, Taylor and Wright, William W. Whipple and James B. Taylor against *Jonathan* Virtue.

These motions were overruled, and the appellant answered the several complaints, each in two paragraphs.

The plaintiffs severally replied to the second paragraph of the appellant's answer in three paragraphs. The appellant demurred to the third paragraph of the reply. The demurrer was overruled.

Various motions were made by the appellant to strike out the undertakings and affidavits filed by the several plaintiffs in the attachment proceedings, which motions were overruled. They will be noted hereafter.

Thomas H. B. Teeples, the original attachment plaintiff, dismissed his suit against Virtue.

The matters in issue between the parties were finally submitted to the court for trial, with the written request on the part of the appellant that the court find the facts specially and state the conclusions of law arising thereon.

During the trial, the attachment plaintiffs, upon leave of the court, amended their several complaints, affidavits and undertakings in said proceedings, by striking therefrom the name " Jonathan," the Christian name by which the defendant Virtue was designated in said paper, and inserting therein

the name "Johnson," as the Christian name of said Virtue, to conform said pleadings and papers in the cause to the evidence.

The facts and the law were found against the appellant. Exceptions to the conclusions of law were properly reserved.

The appellant then moved for a *venire de novo.* The motion was overruled, and it then moved the court to tax all costs in the cause to the appellees. This motion was also overruled, and the appellant appeals to this court and assigns errors as follows :

1st. The court erred in refusing to set aside the service of the summons in garnishment.

2d. The court erred in overruling the demurrer of the appellant to the 3d paragraph of the appellees' reply.

3d. The court erred in overruling the motion of the defendant to strike out the affidavit and undertaking in the case of the appellees Eli Taylor and Calvin Wright, and to quash the writ, for the reason that there was no sufficient affidavit, and the undertaking has no surety, and is not approved by the clerk of said court.

4th. The court erred in overruling the appellant's motion to strike out the paper marked " Undertaking," filed by the appellee Wm. H. H. Dodd.

5th. The court erred in overruling the appellant's motion to strike out the undertaking of the appellee William W. Whipple.

6th. The court erred in overruling the motion of the appellant to revoke the order of the court in consolidating the case of the appellee James B. Taylor, and that of Thomas H. B. Teeples.

7th. The court erred in permitting the said appellees to amend their respective affidavits and undertakings in attachment in their respective cases.

8th. The court erred in its special findings in the case.

9th. The court erred in its conclusions of law.

10th. The court erred in overruling the motion for a *venire de novo.*

11th. The court erred in overruling the appellant's motion to tax the costs to the appellees.

There is nothing in the first error assigned. The appellant had the unquestionable right, as garnishee, to object to the process and service by which it was attempted to bring it into court; but it might waive this right by a voluntary appearance to the proceedings. It appears that, in obedience to a writ of garnishment served upon one Crocker, the resident engineer of the appellant, it appeared to the action by its attorney, Mr. Cole, submitted to a rule to answer, and, by agreement entered of record, consented to a continuance of the cause. It was then too late to object to the process or its service. Such an objection must be taken *in limine.* *Gould* v. *Meyer*, 36 Ala. 565; Drake on Attachment, section 695 (4th ed.); *Whitney* v. *Lehmer*, 26 Ind. 503, 510.

Besides, the motion is not found in the bill of exceptions, and can not, for that reason, be regarded as a part of the record. *Kesler* v. *Myers*, 41 Ind. 543; *Kimball* v. *Loomis*, 62 Ind. 201. There was no error in refusing to set aside the service of the summons.

2. Did the court err in overruling the appellant's demurrer to the 3d paragraph of the reply to the 2d paragraph of its answer?

The answer states, that, since the commencement of the suit, the plaintiffs in attachment had amended the affidavit filed for a writ of garnishment against the appellant, by striking out the name of Jonathan Virtue and inserting the name of Johnson Virtue, which amendment was made on the 10th day of April, 1877; that appellant was not, at or before said amendment was made, indebted to said Jonathan Virtue nor to the said Johnson Virtue, and that, long before said amendment was made, the appellant had paid to Johnson Virtue all the money in its possession due him, without any notice of any suit or writ of attachment pending against him; that no writ of garnishment was ever served on it in a suit against

said Johnson Virtue; that it has not been indebted to said Johnson Virtue at any time since said amendment was made.

The reply admits that the affidavit had been amended as stated in the answer, but avers that said Virtue was at the time in the employment of the appellant as a contractor, and engaged in the construction of a part of its road in Marshall county, Indiana; that at the time of the commencement of the suit, said Virtue was known in said county and called by the name of "Jonathan" as well as "Johnson," and that the appellant, by its attorney and other agents, knew long before the payment of its indebtedness to Virtue, that the person now called Johnson Virtue was the person against whom said suit was pending, and that he was the person intended and referred to in said affidavit by the name of Jonathan.

The appellees insist that if the reply is bad the answer is also bad, and that there was, therefore, no error in overruling the demurrer. The answer does not deny directly that the appellant did not know that Johnson Virtue was called and known by the name of Jonathan Virtue, nor that Johnson Virtue was not the party sued and served with process. Conceding, however, that the answer is good, we think the reply must be held to be sufficient. Upon all the facts stated, the amendment was quite immaterial, and could not have misled or operated to the prejudice of the appellant. There was no error in overruling the demurrer.

3. It is insisted, by the appellant, that the court erred in overruling its motion to strike out the affidavit and undertaking filed in the attachment suit by Eli Taylor and Calvin Wright. No objection to the affidavit is pointed out by the appellant. We have examined it, and find no defect in it.

The objection to the undertaking is, that there is no surety, and that it was not approved by the clerk. The undertaking is signed by W. H. Weir, but not by the appellees Taylor and Wright. Weir was not a party to the suit, and by signing his name to the undertaking, which was in the usual form, undertaking to pay, etc., to Johnson Virtue, such damages as

he might sustain, etc., he became the surety of Taylor and Wright for the due prosecution of their proceedings in attachment.

As Virtue had appeared to the proceedings in attachment, and filed an answer, and thus given the court jurisdiction of his person, he waived, as it was competent for him to do, by not objecting, any defects in the undertaking. *The Ohio, etc., R. W. Co.* v. *Alvey*, 43 Ind. 180; Drake on Attachment, section 143. It was a matter that did not concern the appellant. There was no error in overruling this motion.

4. There was no error in overruling the appellant's motion to strike out the papers marked " undertaking," filed by the appellee Dodd.

5. Nor in overruling the motion to strike out the undertaking filed by the appellee Whipple. If these undertakings were defective, the attachment defendant, having appeared to the action, could alone take advantage of such defects. Being in court, the law regards him as competent to take care of his own rights and interests, and relieves the garnishee from all obligations in relation to such matters.

6. Counsel say nothing as to the 6th assignment of error. It will, therefore, be regarded as waived.

7. The counsel insist that the court erred in permitting the several appellees to amend their respective affidavits and undertakings, by striking therefrom the name " Jonathan," and substituting for it the name Johnson. If the Christian name of the attachment defendant was Johnson, and not Jonathan, we can not see how the appellant could be injured or affected by the change. The attachment defendant was in court, and, so far as appears, did not object to the amendment. It might be made, if there was no objection from him. If he consented even by not objecting, the appellant ought not to be heard to complain. It did not and could not affect it injuriously, for it had no interest in the undertaking. It was enough for its protection that the attachment defendant had submitted to the jurisdiction of the court. Such is the condition of the record

that it is doubtful whether any of the foregoing motions are properly presented. It is no fault, however, of the present counsel; they were not originally engaged in the case.

8. Counsel do not insist upon the eighth assignment.

9. The counsel for the appellant insist that the court erred in its conclusion of law.

The counsel insist, and correctly we think, that where an exception is taken to the conclusions of law stated by the court, in a case like this, the party excepting admits that the facts are correctly and fully found, but says that the court erred in the application of the law to the facts found.

It is insisted that the court, in finding that by law the plaintiffs below were entitled to judgment, erred, because it did not find that at the commencement of the attachment proceedings, Johnson Virtue was not a resident of the State. Was the residence of the attachment defendant a matter in issue between the appellant and the appellees? The case, as between Johnson Virtue and the appellees, had been tried. He had appeared to the action and filed an answer in denial of the complaint, which was an admission of the facts stated in the affidavits. True, he only answered to the original complaint, but that was an appearance in the action to all the complaints subsequently filed. The trial between the appellees and Virtue settled the question of residence, and it was no longer open to controversy. It was no part of the issue between the appellees and the appellant. Virtue, having appeared to the action and not having denied the facts stated in the affidavits for an attachment, admitted them for all the purposes of the suit. *Foster* v. *Dryfus,* 16 Ind. 158. The proceedings were not *ex parte.*

The affidavit alleging the appellant's indebtedness to the attachment defendant was the complaint which the appellant was called upon to answer. Its denial did not involve the question of the attachment defendant's residence. Had the defendant not been served with process, and had he not appeared to the action, the appellant might have raised the

question of his residence by denying the affidavit for the attachment, or perhaps without pleading at all.

The court found the facts substantially as follows:

That at the commencement of the suit, December, 1873, the appellant was engaged in building a road through the State of Indiana; that Johnson Virtue was a contractor in its employment, doing the grubbing and bridging on several sections of the road; that Virtue usually signed his name J. Virtue, and that he was the only person of the name of Virtue employed by the appellant as contractor in Indiana; that when Teeples commenced this action he enquired as to the Christian name of said Virtue, and was informed by persons likely to know his name that it was Jonathan Virtue, and sued him by that name; that the summons was issued and the docket entries made in the cause against said Virtue by the name of Jonathan; that the summons was served on Johnson Virtue, the defendant to the suit; that he appeared and answered to the action; that in the garnishee process the name of Virtue was written Jonathan Virtue.

It is further found that the appellant was indebted to said Virtue at the time the attachment proceedings were commenced, in the sum of $7,005.16, and remained so indebted until August, 1875.

The court also finds that, at the commencement of the suit, the said Johnson Virtue was indebted to the attachment plaintiff Teeples, in the sum of $136.

The court then proceeds to find that the issues between the several attachment plaintiffs and the said Johnson Virtue had been tried. The finding of the court was in favor of each of the plaintiffs, and had been made, as shown by the minutes on the judge's docket, as follows:

Wright & Taylor . . . . . . . . . . . . . . . . $511.46
James B. Taylor . . . . . . . . . . . . . . . .   456.21
William H. H. Dodd . . . . . . . . . . . . . .   143.54
William W. Whipple . . . . . . . . . . . . . .   285.11

but that no entry of judgment has been made upon said finding; that Judge Long announced said findings in open court at the time and stated that the proper judgment would be entered thereon, but that, through inadvertence, no judgment had been entered. The court finds that the parties are entitled to judgment as of the date of said findings, January 26, 1876, and ordered the judgments to be entered as of that date, which was done; that appellant had, since the commencement of said suit, settled with and paid said Johnson Virtue in full.

Upon these facts, the court found, as its conclusions of the law, that the appellant was liable to pay the appellees the amount found due to each and the costs of the suits.

There is much irrelevant matter embraced in the findings of the court, but we think the facts found justify the conclusions of law reached by the court.

We do not think that the correction of the misnomer of the attachment defendant vitiated the proceedings; nor do we think that such correction would in any degree lessen the protection which the judgment in the proceedings would afford the appellant. Had it retained in its possession the amount due from it to Virtue, and paid it in discharge of the judgment rendered in the case against it, the judgment would have been a complete protection.

Where the attachment defendant is served with process or appears to the action, "though the attachment were illegally issued, yet it is the privilege of the defendant alone to take advantage of it, and if he waive the illegality, and the effects in the garnishee's hands are subjected to the payment of his debt, the defendant is concluded by the judgment of the court, and can not afterwards question its sufficiency to protect the garnishee." Drake on Attachment, section 692; *Washburn* v. *New York, etc., Co.,* 41 Vt. 50. "Where the defendant is personally before the court, the garnishee is not interested either in the jurisdiction or legality of the proceedings, or in their practical regularity *as against the defendant.*" Drake,

section 693. " When, however, the jurisdiction of the court over both the defendant and the garnishee has attached, the right of the latter to enquire into or interfere with the proceedings in the main action is at an end. * * They affect only the defendant, who alone can take advantage of them." Sec. 697. *Smith* v. *Chapman*, 6 Porter, 365; *St. Louis Perpetual Ins. Co.* v. *Cohen*, 9 Mo. 421; *Houston* v. *Walcott*, 1 Iowa, 86; *Ohio, etc., R. W. Co.* v. *Alvey, supra.*

A party who has once appeared to an action is deemed to be present in court until final judgment. *Jenks* v. *The State*, 39 Ind. 1. Therefore, until the final judgment was rendered in this case against Virtue—the day on which judgment was rendered against the appellant—Virtue, the defendant, must be considered to have been present in court. The court did not err in its conclusions of law.

10. There was no error in adjudging costs against the appellant. It had in its hands money due from it to Virtue, at the commencement of the proceedings in garnishment, more than enough to pay all the judgments in favor of the appellees and the costs of the proceedings. 2 R. S. 1876, p. 109, sec. 182. There was no error in overruling the motion for a *venire de novo*.

We think there is no error in the record of which the appellant can complain.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.