Filed May 15, 1895.

———————◆———————

No. 1,477.

SCHNULL ET AL. *v.* McPHEETERS.

ATTACHMENT.—*No Answer to Affidavit.—Proceeding to Trial.—Issue Impliedly Joined.*—Where plaintiffs proceed to trial without answer being filed controverting the facts alleged in the affidavit for attachment, and introduces evidence in support of the attachment proceedings, they waive the filing of such answer, and an issue is impliedly joined, and the attachment proceedings are determined as though an answer had been filed.

From the Monroe Circuit Court.

*T. J. Louden* and *J. H. Louden,* for appellants.

*H. C. Duncan* and *I. C. Batman,* for appellee.

DAVIS, J.—In the court below appellants filed a complaint on account, and also an affidavit in attachment, against appellee.

No rule was entered against appellee to answer either the complaint or the affidavit in attachment, but appellee appeared and filed answer to the complaint. No answer was filed to the affidavit in attachment..

On the trial, appellants introduced evidence in support of the complaint, and also of the attachment proceedings. The court found the facts specially, finding that the appellee was indebted to appellants on the account, but the finding is silent on the issue tendered by the affidavit in attachment, except it is found that such an affidavit was filed.

As conclusions of law, the court found that appellants were entitled to recover judgment against appellee for $1,912.32, but found for appellee as to the attachment proceedings.

The contention of counsel for appellants is that as there was no denial to the affidavit on file, appellants were entitled to judgment in the attachment proceedings in their favor.

. In *Foster* v. *Dryfus*, 16 Ind. 158, it was decided that the appearance by the defendant, and pleading to the action, without controverting the facts alleged in the affidavit for the attachment, was an admission of those facts for all the purposes of the suit, except as to the existence of the debt.

This decision was approved in *Balimore, etc., R. R. Co.* v. *Taylor*, 81 Ind. 24.

Without referring to these cases, the Supreme Court afterwards held that where the plaintiffs went to trial without answer being filed controverting the facts alleged in the affidavit for attachment, they waived the filing of such answer, and the case must be considered, and the

questions involved determined, as though an answer had been filed. *Purple* v. *Farrington*, 119 Ind. 164 (169).

Judge ELLIOTT approved this rule in *Havens* v. *Gard*, 131 Ind. 522; *Farmers Loan and Trust Co.* v. *Canada, etc., R. W. Co.*, 127 Ind. 250; *Young* v. *Gentis*, 7 Ind. App. 199.

In view of the fact that appellants proceeded at the trial on the theory that it was necessary for them to prove the facts alleged in the affidavit in attachment, and in the light of the later decisions cited above, we think, under the circumstances disclosed by the record, the reasonable rule applicable to this case is to assume that an answer was waived by appellants, and an issue impliedly joined, and, therefore, that there was no error in the action of the trial court in refusing to render judgment in favor of appellants in attachment.

Judgment affirmed.

Filed May 16, 1895.