CASE No. 863.

CLEVELAND v. COHRS.

A case was remitted to the Circuit Court with leave to plaintiffs to amend by adding new parties; the plaintiffs made their amendments and served them upon all the defendants, and answers were put in; the Circuit Court held the amended complaint insufficient, but upon the call of the docket, gave plaintiffs leave to further amend, and upon such further amendments, which differed materially from former allegations, and which were not served, gave judgment for plaintiffs two days afterwards. *Held*—

1. That the Circuit Court could grant the order allowing a second amendment.

2. That the Circuit Court erred in rendering judgment upon the second amendment without time given to defendants to answer or demur,

3. When a defendant prevails in his appeal, which was rendered necessary by defective pleadings of plaintiffs, he is entitled to the costs of such appeal.

Before HUDSON, J., Charleston, March, 1879.

See this case previously reported in 10 *S. C.* 224. After the case was returned from the Supreme Court to the Circuit Court, the plaintiffs served the following paper upon the defendant .Cohrs, and also upon F. E. McKenzie and Sarah E. Alexander.

" Take notice, that under the leave to amend granted by the Supreme Court, the plaintiffs amend their complaint by making F. E. McKenzie and Sarah E. Alexander parties defendant, and by adding to said complaint the following paragraph, to wit:

" 6. That the defendant, F. E. McKenzie, had, before the commencement of this action, parted with all his interest in and to the debt secured by the bond and mortgage herein described, and that Sarah E. Alexander, the widow of —— Alexander, formerly Sarah E. McKenzie, and called Sarah Ann McKenzie, in the opinion of the Supreme Court, had likewise, before the commencement of this action, parted with all her right, title and interest in and to the debt secured by the bond and mortgage aforesaid."

F. E. McKenzie answered that he had held the bond and mortgage as guardian for his two daughters, and that upon settlement with them he transferred the bond and mortgage to Mrs. Florence Cleveland, who is now sole owner; that Mrs. Alexander was otherwise settled with and has no interest whatever in these securities. Mrs. Alexander answered: " That she has no interest, either legal or equitable, in the bond and mortgage sought to be collected in this suit."

The other facts of the case are sufficiently stated in the opinion of the court.

Defendant Cohrs appealed.

*Mr. L. De B. McCrady,* for appellant.

*Mr. B. J. Whaley,* contra, upon the first point decided by this court, cited *Voorh. Code,* 346, *note d* and 355 *note f;* and upon second point, *Code,* § 192; 3 *S. C.* 401.

April 22d, 1880.   The opinion of the court was delivered by

McIVER, A. J.   This was an action for the foreclosure of a mortgage of real estate.   Originally the plaintiffs claimed to be assignees of the bond and mortgage, which was the cause of action, but failing to establish the assignment of the bond, the Circuit Court, nevertheless, rendered judgment in their favor, upon the ground that the plaintiff, Florence, had shown herself to be the equitable owner of the bond.   From this judgment an appeal was taken to this court and it was set aside, but leave was granted to the plaintiffs to amend by making the sister of the plaintiff, Florence—Mrs. Sarah E. Alexander, (erroneously called in the opinion of this court Sarah Ann McKenzie, as we are now informed,) who seemed to have the same interest in the bond and mortgage as the plaintiff, Mrs. Cleveland—a party, as well as the legal owner of the bond, F. E. McKenzie, if they shall be so advised.   In pursuance of the permission thus granted, the plaintiffs, on June 6th, 1879, served a notice of amendment, which it was conceded, on the argument of this appeal, though not appearing in the " case," was held by the Circuit judge to be insufficient, and that he thereupon allowed the plaintiffs to make another amendment, by an order passed March 15th, 1879.   No notice of this last amendment was given to or served upon any of the parties, so far as we can discover, but was simply an order granted in open court, probably on the call of the case for trial, granting leave to the plaintiffs to amend their complaint—*first,* by striking out the fourth paragraph, in which the assignment of the bond and mortgage had been alleged, and inserting in lieu thereof allegations; that the bond in question was given for money in the hands of F. E. McKenzie, as guardian of the plaintiff, Florence, and her sister, Mrs. Alexander; that before the commencement of this action the title of said bond had been transferred by F. E. McKenzie to the plaintiff Florence, on a

settlement of his guardianship accounts; that the mortgage was duly assigned, but the bond having been lost was not assigned in writing, but that by virtue of such settlement the plaintiff Florence became the sole equitable owner of said bond and mortgage. *Second,* by adding to the prayer of the complaint a demand that the said Sarah E. Alexander and F. E. McKenzie may be debarred from all interest in said bond, and the plaintiffs decreed to be sole owners thereof. To this last amendment no answer or demurrer was put in by any of the parties, and no time allowed therefor, as the Circuit Court, two days thereafter, granted the judgment of foreclosure from which the appeal is now taken. It does appear that on January 28th, 1879, the said F. E. McKenzie and Sarah E. Alexander did file what purport to be answers to the complaint as first amended, though these answers were verified before the service of such amendment; but this amendment, as has been stated, was held to be insufficient, and these answers cannot be regarded as answers to the last amendment, which differs very materially from the first, and which was not authorized, and, of course, not filed until near two months after these so-called answers purport to have been filed.

Numerous grounds of appeal have been presented, but in the view which we take of the case it will not be necessary, and perhaps not proper, for us to consider more than two of them, for, as the case must be remanded to the Circuit Court for the purpose of enabling the defendants, if they shall be so advised, to plead to the complaint as amended, when new issues may arise, or those already presented may assume a different form, any remark which we might now make upon the other questions presented might prove to be inapplicable and possibly prejudicial to the case as it may then be presented.

The first ground of appeal questions the right of the Circuit judge, after holding the amendment of January 6th, 1879, to be insufficient, to grant leave to plaintiffs to make another amendment. We think there was no error in this respect. The manifest object of this court, in sending the case back before, was to enable the plaintiffs to amend their proceedings by bringing before the court all the parties necessary to a complete determination of the controversy, so that, if judgment should eventually

be rendered against the defendant, Cohrs, in favor of the plaintiffs, it would be a complete bar and protection to him against the claims of others, who, as the case was then presented, seemed to have an interest in the subject matter. It is very clear that the first amendment was altogether insufficient for that purpose, and the Circuit judge was unquestionably right in granting leave to the plaintiffs to make such an amendment as would, in his judgment, be necessary to effect the purpose for which the cause was sent back to the Circuit Court.

The next ground taken is that the Circuit judge erred in rendering judgment upon the complaint as amended, without allowing time to the defendants to answer or demur to the complaint as thus amended. This ground, we think, is well taken. The case made by the amended complaint is undoubtedly very different from that made by the original complaint, and the defendants had, therefore, a right to demand time to answer or demur, as they might be advised. In the original complaint the plaintiffs claim to be the legal assignees of a bond, while in the amended complaint they allege the very opposite, and say that the bond was never legally assigned, but that, by virtue of certain transactions there set out, they claim to be the equitable owners of the bond, and, as such, entitled to maintain an action thereon. An answer to the one claim might, and probably would, be a very different answer to that which would be interposed to the other; and when the plaintiffs are permitted to change, and, in fact, reverse the title by which they claim the cause of action upon which they sue, the defendants ought, certainly, to be allowed the privilege of putting in answers to the new aspect in which the plaintiffs' claim is presented. In addition to this, aside from the answers of F. E. McKenzie and Sarah E. Alexander, (if, indeed, they can be considered as answers,) which certainly are not evidence against the defendant, Cohrs, there does not seem to be any evidence showing how the plaintiff, Florence, came to be the *sole* equitable owner of the bond. On the contrary, all the testimony would seem to show that she and her sister were the *joint* owners of the bond. The referee does find that " on March 23d, 1870, F. E. McKenzie came to a settlement, in whole or in part, with his ward Florence and her husband, and on that day, in

2 c

consideration of a receipt from them in the amount of $2950, assigned to them the mortgage made by the defendant," but on what evidence the material part of this finding, viz., that Mc-Kenzie came to a settlement with his ward, is based, we are unable to discover. F. E. McKenzie, in his testimony, makes no allusion to any such settlement, but, on the contrary, he says that the money secured by the bond in question belonged to his *two* daughters, and there is an entire absence of any testimony showing by what authority he undertook to transfer the bond to *one* of them.

When plaintiffs obtain leave to amend their proceedings by making new parties, it should appear upon the record that such parties have been brought in by the service of a summons, or the acknowledgment of such service; and when an amendment of a complaint is allowed which calls for or warrants an answer or demurrer from one or all of the defendants, the records should show that a copy of such amendment has been duly served, and that the time for answering has expired, before this can be considered on its merits. In this case, the papers purporting to be answers of F. E. McKenzie and Mrs. Alexander, might be regarded as a sufficient acknowledgment of services so as to make them parties to the case, but having been filed before the second amendment was authorized, they certainly cannot be regarded as any acknowledgment of the service of such amendment, and as this amendment made such very material changes in the allegations of the complaint as warranted answers from the defendants, copies of it should have been served upon all the defendants, and time allowed for answering before the case could properly be heard by the Circuit Court.

As there is no exception to that portion of the Circuit decree which imposes all the costs upon the defendant Cohrs, and the question is only raised in the argument here, we would not be at liberty to disturb the judgment of the Circuit Court upon that ground; but as that judgment must be set aside upon another ground, which is properly taken, and the question of costs will, therefore, be necessarily opened, it may be as well to say that we think that the defendant, Cohrs, having been the prevailing party in both appeals, which were rendered necessary by the de-

fective pleading on the part of the plaintiffs, is entitled to have the costs incurred in such appeals taxed against them.

. The judgment of the Circuit Court is set aside, and the case is remanded to that court for such further proceedings as may be necessary.

WILLARD, C. J., and McGOWAN, A. J., concurred.