## C. E. HAYES, Appellant, v. B. F. BLAKER & COMPANY, Respondents.

**Kansas City Court of Appeals, May 31, 1909.**

1. **BILLS AND NOTES: Partnership: Accommodation Maker: Scienter.** A partner in a trading business has authority to borrow money in the usual course of business for the benefit of the partnership, and to sign the firm name to a bill for its payment; but he cannot bind the partnership as an accommodation endorser to commercial paper in a transaction in which the partnership has no interest; and when the purchaser of such paper buys with actual knowledge of the want of authority to sign the partnership name, he cannot recover under the endorsement.

2. ———: ———: ———: **Bona-Fide Holder.** In Missouri the consideration of negotiable paper in the hands of a bona-fide holder for value can not be inquired into, even in case of *mala fides* or gross negligence. Actual notice of the facts impeaching the note must be brought home to such holder, and not suspicious facts which would ordinarily put one on inquiry.

3. ———: ———: ———: **Burden of Proof.** When a member of a trading partnership endorses the firm name on commercial paper, prima facie the endorsement is made with authority and for the benefit of the partnership, and the burden is on the party assailing the paper's validity to prove that it was beyond the scope of the partner's authority and the mere facts that the endorsement is on the back of the paper, and the partnership is not the payee, do not raise a conclusive presumption that the endorsement is for the accommodation of the maker, and it must be shown that the holder had actual notice of the want of authority and of the character of the transaction.

4. **TRIAL PRACTICE: Appearance: Services.** A defendant not served who voluntarily appears to defend the action, is in court for all purposes.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*John D. Milliken* and *Harkless & Histed* for appellant.

(1) The court erred in holding that the plaintiff was not a bona-fide owner of the note. (2) The court erred in holding that it was the duty of the plaintiff to make any inquiry as to the authority of Alfred Blaker to bind the partnership. Bates v. Forcht, 89 Mo. 121; 22 Am. and Eng. Enc. of L. (2 Ed.), 152; 1 Lindley on Partnership (2 Am. Ed.), 290; Dietz v. Regnier, 27 Kan. 94; Bank v. Neill, 149 Fed. 714; Bank v. White, 30 Fed. 415. (3) The court erred in holding that a mere suspicion of the authority of the partner to endorse the firm name upon the note would destroy plaintiff's status as a *bona-fide* holder. See above cases; Bank v. Leeper, 121 Mo. App. 694; Fuert v. Brown, 23 Mo. App. 336; Bank v. Salmon, 117 Mo. App. 506. (4) The court erred in holding in fact that the plaintiff had any reason to suspect the authority to endorse the firm name upon this note.

*James D. Snoddy,* for respondents, filed arguments.

JOHNSON, J.—This is a suit on a negotiable promissory note brought by plaintiff against the Sonora Development Company, a corporation, B. F. Blaker and Alfred Blaker, partners doing business under the firm name of B. F. Blaker & Company, and J. W. Amerman. All of the defendants except Alfred Blaker were duly served with process. No answer was filed by the Sonora Development Company and Amerman, and judgment went against them by default. An answer under oath was filed by B. F. Blaker and B. F. Blaker & Company, in which, among other defenses, the execution of the note by the partnership was denied. A jury was waived and a trial to the court of the issues raised by the petition and answer resulted in a judgment "in favor of defendants B. F. Blaker and B. F. Blaker & Company." Plaintiff appealed.

The note in suit is as follows:

"$2000.00.        KANSAS CITY, MO., April 15, 1905.
"Four months after date we promise to pay Francis E. Higgins or order, Two Thousand Dollars, at the National Bank of Commerce, Kansas City, M'o., with interest from date payable annually, at the rate of eight per cent per annum. If not paid, compounded.
Value received.

"SONORA DEVELOPMENT COMPANY,
W. A. RULE, Treasurer."

The following names are indorsed on the back of the instrument: "J. W. Amerman, B. F. Blaker & Co., Francis E. Higgins." On the face of the note is written: "Protested for non-payment, this 18th day of Aug. 1905. E. A. Neel, Notary Public.'"

The Sonora Development Company was a corporation engaged in mining in Sonora, Mexico, and maintained an office in Kansas City. Plaintiff lived at Marlboro, Mass., and was a dealer in stocks and bonds. Higgins, the payee of the note was doing business in Boston. The partnership of B. F. Blaker & Company was dealing in lumber, grain and building material at Pleasanton, Kansas. The name of the firm was indorsed on the note by Alfred Blaker, one of the partners, who acted in this transaction without the knowledge of his copartner and without authority from him to sign the firm name to the note. The transaction evidenced was for the sole benefit of the Sonora Development Company and the indorsement by Alfred Blaker was an accommodation to that company. Plaintiff obtained the note April 26, 1905, by purchase from Higgins, the payee. He had been trying to sell some railroad stock to Higgins and finally Higgins offered to buy stock of the value of $1,500 if plaintiff would take the note at face and pay the difference in money. After making inquiries into the financial standing of the parties and finding that the Sonora Develop-

ment Company, B. F. Blaker & Co. and Higgins were solvent, plaintiff accepted the offer. The evidence shows that plaintiff bought the note in good faith before maturity for a valuable consideration and it indisputably appears that he did not have actual knowledge of the facts that the name of B. F. Blaker & Co. was indorsed on the note by one of the partners without authority of his copartner, and that it was not made in the course of the business of the partnership or for its benefit. Plaintiff made no inquiry into the facts and circumstances of the indorsement, but contented himself with merely investigating the solvency of the firm.

Plaintiff asked declarations of law to the effect that the indorsement bound both parties as indorsers. The court refused these declarations and of its own motion declared: "The plaintiff in this case under the evidence failed to make such inquiry concerning the authority of the individual partner to bind the partnership by his indorsement of the note in question, as a reasonably prudent person would have done under all the circumstances considering the nature of the note and entire transaction; and the note not having been issued within the apparent scope of the partnership business and the holder having reasonable cause to suspicion the authority of the individual partner to bind the partnership by his indorsement of the note, and the court, in fact, finding that said indorsement was not authorized, the finding of the court should be for the defendant, B. F. Blaker & Company."

From this declaration, it appears that the judgment rendered by the court is based on the following conclusions: First, that the act of Alfred Blaker in indorsing the name of the partnership on the back of the note was without the scope of his authority as a partner, since the transaction was not for the benefit of the partnership, and he had no express authority from his copartner thus to bind the firm. Second, that not only was the act *ultra vires* in fact but the indorsement was beyond the

apparent scope of the partnership business. Third, that since the indorsement was beyond both the real and the apparent scope of the partnership, knowledge of the infirmity should be imputed to plaintiff, though in fact, he had no actual knowledge of its existence and bought the note in good faith before maturity in the belief that the indorsement bound the members of the partnership.

B. F. Blaker & Company was a trading partnership. A general partner in a trading business has implied authority to borrow money in the usual course of business for the benefit of the partnership and to sign the firm name to a bill or note for the repayment of the loan. But he has no authority to bind the partnership as an accommodation indorser to commercial paper given in a transaction in which the partnership has no interest and from which it has received and will receive no benefit. The transaction in question was not for the benefit of defendant partnership, but was for the sole benefit of the mining company, and it follows that Alfred Blaker had no authority to bind the partnership as an indorser. Had it been shown in evidence that plaintiff when he bought the note had actual knowledge that the indorsement of the partnership name was without authority, we would hold that he could not recover under the indorsement, notwithstanding the further fact that he bought the note before maturity for a valuable consideration. But he had no actual knowledge of this fact and it remains to be seen whether such knowledge necessarily should be imputed to him from the facts and circumstances before us.

Though a partner abuses his trust for his individual benefit, his co-partners will be bound, unless the holder of the note is chargeable with notice of the fact. In some jurisdictions, the doctrine expressed in the declaration of law given by the learned trial judge has been accepted and applied, viz., that where the purchaser of negotiable paper before maturity has knowledge of facts

and circumstances which would excite suspicion in the mind of a reasonably careful and prudent person that the transaction evidenced by the paper is tainted with bad faith, or that there is failure of consideration, such knowledge of itself should be treated in law as actual knowledge of the existence of the infirmity. That doctrine has been rejected in this State as being unsuited to commercial needs and usages. It is the policy of our jurisprudence to encourage the free circulation of commercial paper and to this end, the rule has been firmly established "that the consideration of negotiable paper in the hands of a *bona fide* holder for value cannot be inquired into. *Mala fides* alone can open the door to such inquiry. Gross negligence even is not sufficient. Actual notice of the facts which impeach the validity of the note must be brought home to the holder." [Jennings v. Todd, 118 Mo. 296; Mayes v. Robinson, 93 Mo. 122; Hamilton v. Marks, 63 Mo. 167; First National Bank v. Leeper, 121 Mo. App. 688.] In the case last cited, we said:

"Mere knowledge of facts which would ordinarily put one on inquiry will not do, there must be actual notice . . . And it is well settled that mere suspicion that a negotiable note is without consideration, or was obtained by fraud brought home to the transferee before he acquires the note, will not be sufficient to defeat a recovery."

When proof is made that the holder received the paper before maturity in good faith for a valuable consideration, the burden devolves on the maker to prove the holder had actual notice of the specific fact which originally would affect the validity of the paper. [Johnson v. McMurray, 72 Mo. 278.] Such notice needs not be established by direct proof but may be inferred by the triers of fact from facts and circumstances, but it should not be inferred in law from facts and circumstances of a nature to put a prudent man on inquiry. When a member of a trading partnership indorses the firm name on

commercial paper, *prima facie* the indorsement is made with authority and for the benefit of the partnership, and the burden is on the party assailing the validity of the act to prove that it was beyond the scope of the partner's authority. The mere facts that such indorsement is on the back of the paper and that the partnership is not the payee do not raise a conclusive presumption that the indorsement is for the accommodation of the maker. The rule is that "one who writes his name on the back of a promissory note of which he is not the payee is prima facie a joint maker." [Herndon v. Lewis, 175 Mo. 1. c. 125; Kingman v. Buggy Co., 150 Mo. 1. c. 302; Powell v. Thomas, 7 Mo. 440.]

Under the rules we have stated, plaintiff, when the note was offered him, was justified in assuming that the name of the trading partnership written on the back of the instrument by one of the partners was placed there in the usual course of business for the benefit of the partnership. It devolved on defendants to prove that he had actual notice that the indorsement was made without authority and for the accommodation of the maker. The court erred in holding as a matter of law that the indorsement apparently was without authority and that facts and circumstances of a nature to arouse the suspicion of an ordinarily careful and prudent person in the situation of plaintiff would charge him in law with actual knowledge of the invalidity of the indorsement.

Though Alfred Blaker was not served with summons, the record discloses that he voluntarily appeared in court to defend the action and he is here for all purposes.

The judgment is reversed and the cause remanded. All concur.