## WILLISTON v. RAYMOND.

### (District Court, E. D. New York. April 23, 1914.)

1. COURTS (§ 508\*) — FEDERAL COURTS — ENJOINING PROCEEDINGS IN STATE COURT — STATUTORY PROVISIONS.

Where a cause has been removed from a state court, an injunction or restraining order against further proceedings therein will lie, notwithstanding Rev. St. § 720 (U. S. Comp. St. 1901, p. 581), providing that the writ of injunction shall not be granted by any court of the United States to stay proceedings in any state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. § 508.\*]

2. REMOVAL OF CAUSES (§ 95\*)—EFFECT OF COMPLIANCE WITH STATUTE.

Compliance with Judicial Code, § 29 (Act March 3, 1911, c. 231, 36 Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 142]), prescribing the procedure for the removal of causes from the state courts, accomplishes an entire removal, and ousts the state court of jurisdiction, unless the case be remanded.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 204, 205; Dec. Dig. § 95.\*]

3. APPEARANCE (§ 12\*)—EFFECT—STATUTORY PROVISIONS.

Under Code Civ. Proc. N. Y. § 424, providing that a voluntary general appearance of the defendant is equivalent to personal service of the summons upon him, such voluntary appearance not only binds the defendant but gives him the same standing as if he had been served.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 55–64, 66; Dec. Dig. § 12.\*]

4. REMOVAL OF CAUSES (§ 15\*)—CAUSES REMOVABLE—PENDING CAUSES.

Under Code Civ. Proc. N. Y. § 416, providing that a civil action is commenced by the service of a summons, but that, from the time of the granting of a provisional remedy, the court acquires jurisdiction and has control of all the subsequent proceedings, but that the jurisdiction so acquired is conditional and liable to be divested if dependent by any special provision of law upon some act to be done after the granting of the provisional remedy, where summons was issued but not served upon the nonresident defendant, and an order of civil arrest was issued and held for the sheriff for service, and defendant thereafter attempted to enter a general appearance, the cause was pending within the provision of the Judicial Code, authorizing the removal of causes "now pending or which may hereafter be brought," since the cause must have been pending to give the state court the right to issue process, and the provision that an action shall be commenced by the service of a summons is not exclusive of other means of commencing the action, if defendant be properly brought into court and plaintiff be proceeding with the action.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 25; Dec. Dig. § 15.\*]

In Equity. Suit by James R. Williston against Arthur J. Raymond. On motion for a temporary stay. Motion granted.

See, also, 213 Fed. 525.

Royall Victor, of New York City, for plaintiff.

Jones, McKinny & Steinbrink, of New York City, for defendant.

CHATFIELD, District Judge. This is a motion by plaintiff for a temporary stay pending trial on bill for permanent injunction against further proceedings in the case of Arthur J. Raymond v.

James R. Williston, removed to this court under section 29 of the Judicial Code.

No objection is raised because of any failure to comply with the provisions of the removal statute, but it is claimed that the action was not one "now. pending" or "which .may hereafter be brought in any state court." In other words, that no "suit" was pending at the time of removal.

Although no application for remand has been made, the preliminary objection to consideration, either of an application for temporary stay or to the exercise of any jurisdiction over the cause of action, which was removed from the jurisdiction of the Supreme Court of the state, raises precisely the same issues as if a motion to remand had been made.

[1] If removal has been had, an injunction or restraining order of the sort desired will lie, in spite of the provisions of section 720, R. S. (U. S. Comp. St. 1901, p. 581). Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462; Chesapeake & Ohio Ry. Co. v. McCabe, 213 U. S. 207, 29 Sup. Ct. 430, 53 L. Ed. 765; Same v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. ——.

[2] Compliance with the provisions of the Judicial Code accomplishes an entire removal and ousts the state court of jurisdiction, unless the case be remanded. The only point to be considered is whether the facts shown constitute a suit pending, which could be the subject of removal.

[3] Williston, the present plaintiff (defendant in the state court), is a nonresident. Summons and complaint, having been prepared but not served, filed, or delivered for service, were used upon an application for an order of civil arrest on the ground of his nonresidence. This order was granted, and the writ held for the sheriff to serve. Williston attempted to enter a general appearance by filing his note of appearance and serving same upon the attorney for the plaintiff, under section 424 of the New York Code, by which a voluntary general appearance of a defendant is equivalent to personal service of the summons.

It is evident that such voluntary general appearance can be entered in any action then pending of record, or, if served upon the attorney for the plaintiff, would be equivalent to personal service of the summons upon the defendant, if. accepted or received by the plaintiff's attorney. The effect of such voluntary appearance is to bind the defendant, but it necessarily gives the defendant the same standing as if he had been served.

[4] Section 416 of the New York Code provides that "a civil action is commenced by the service of a summons." But, from the time of the granting of a "provisional remedy," the court acquires jurisdiction and has "control of all the subsequent proceedings." Such jurisdiction is conditional, but evidently, while exercised, the cause of action is within the control of the court, so far as exercising jurisdiction over the parties is concerned.

In the present case an order of arrest had been issued, upon a cause

of action which must have been presumed to be pending in order to give the state court the right to issue process. Any failure to treat the action as pending would be equivalent to discontinuance, and the state court cannot be presumed to have ordered an arrest in a ,civil action for any other reason than to support the exercise of its jurisdiction in determining some litigation then considered pending, or in enforcing its own orders therein.

The provision that an action shall be commenced by the service of a summons is negative in effect. An action is started when and if a summons is served, but this is not exclusive of other means. It is a requirement that the defendant may rely upon this pleading or its equivalent for the purpose of having notice of the suit, and for fixing definitely the plaintiff's status, if he attempts to proceed against the defendant. But there is nothing in the provisions of the Code making the use or service of a summons compulsory, if the defendant be properly brought into court, and if the plaintiff be proceeding with the action. In fact, an order of arrest would be vacated if it should appear that the plaintiff was not proceeding or had discontinued the action and was seeking to invoke the authority of the court to keep some one under arrest, when no action was pending in which the court could issue or have the right to carry out the warrant.

The preliminary objection, therefore, to the exercise of jurisdiction by this court will be overruled, and the motion for a preliminary injunction against further proceedings in the state court, in the action of Raymond v. Williston, which is now pending in the United States District Court, will be granted.

This order will, however, not be considered as a prohibition against any application to this court for any relief to which the plaintiff Raymond may be entitled in the United States Court, even if based upon the state law, and even if it be the performance of some act by the same officers who will be restrained from those acts by further exercise of the jurisdiction of the state court in the said action of Raymond v. Williston.