### 10989

### MULL v. EASLEY LUMBER CO. *ET AL.*

#### (113 S. E. 356)

1. PARTIES—FAILURE TO ALLOW NEW PARTIES DEFENDANT TIME TO ANSWER HELD ERROR.—Where the trial Court allowed an amendment of the complaint by bringing in new parties defendant, failure to allow such parties time to answer was error.

2. EVIDENCE—PERMITTING PROOF OF CONTENTS OF WRITINGS, WITHOUT PRODUCTION OF WRITINGS, HELD ERROR.—The permitting of proof of the contents of certain deeds, checks, etc., without producing the writings, or accounting satisfactorily for their absence, was error.

---

NOTE: For proof of contents of writing by admissions, see note in L. R. A., 1918C, 664.

Before MEMMINGER, J., Pickens, October, 1921. Reversed and remanded.

Action by Mrs. M. E. C. Mull against the Easley Lumber Company and others. From an order allowing an amendment of the complaint, by bringing in new parties defendant, and refusing to allow the parties time to answer, the new parties appeal. Reversed and remanded.

Messrs. *Martin, Blythe, Craig & Keith,* for appellants. No citations.

Messrs. *J. Robert Martin* and *W. S. Findley,* for respondent, cite: *Amendment proper:* Code Proc. 1912, Sec. 224; 96 S. C., 18; 91 S. C., 559; 107 S. C., 390; 101 S. C., 106; 93 S. C., 297; 87 S. C., 239; 91 S. C., 55; 82 S. C., 3; 83 S. C., 577; 84 S. C., 386; 85 S. C., 199; 85 S. C., 261; 84 S. C., 258; 81 S. C., 574; 81 S. C., 379; 51 S. C., 419; 51 S. C., 316. *Where corporation and copartnership are owned and controlled by same persons, both are liable:* 107 S. C., 514. *Possession sufficient:* 13 Enc. Ev., 18; 1 N. & McC., 357; 3 McC., 424. *Remarks of a Judge in passing on a motion are not charge to jury:* 50 S. C., 299; 80 S. C., 386; 82 S. C., 321; 88 S. C., 98; 88 S. C., 165; 91 S. C., 161; 115 S. C., 30; 112 S. C., 303.

August 17, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages, both actual and punitive, for cutting timber on plaintiff's land. During the progress of the trial, B. T. Day, a witness for the defendant, testified that he, A. F. Day, his brother, and one S. J. Nally formed a copartnership and bought out the interest of the defendant, Easley Lumber Company, in the timber before the acts complained of, and this copartnership was responsible for the injury complained of. The plaintiff then moved to

amend the complaint, so as to make the members of the co-partnership parties. The record shows as follows:

"Mr. J. R. Martin: At this state we would like to ask the Court to allow us to amend the complaint by adding, not only as we have here, that the Easley Lumber Company, one of the defendants, but that the partnership, consisting of Messrs. Nally and the two Days, be made parties defendant, because they are entirely misleading, having done business last year on their old stationery. These parties could not be taken by surprise, because they knew of every fact and transaction, and in the matter of justice we ask your Honor to allow us to amend by inserting, instead of (R. E. Bruce has been cut out) the defendant, Easley Lumber Company—Nally and the Days.

"Mr. B. F. Martin: Only two of these gentlemen are here, and they would resist that motion, and would ask your Honor, if you would see fit to allow the amendment, to give them time in which to file their answer, and perhaps their case, and employ counsel.

"The Court: But it would mean that this company has been dodging about from one name to another, and all that. How is it possible to ever arrive at a verdict against the proper parties, if the plaintiff's case is made out. If the jury decide in favor of the plaintiff here, against whom he will they decide?

"Mr. B. F. Martin: It is admitted that these three men would be the parties responsible; they say that they are; Mr. Nally stated that. They got the benefit and were always willing to pay the actual damages. There would be no question about it.

"The Court: You see, as fast as the Court can progress, they possibly will change their identity.

"Mr. Martin: The Easley Lumber Company is still in existence. There is no question, I think there can be no question, of perfect good faith on the part of these young men. They are honorable business gentlemen, and

the Easley Lumber Company itself is still doing business. This is a perfect bona fide sale made in March, 1920. At that time Mr. Nally said he had stock in the Easley Lumber Company, sold his stock in the Easley Lumber Company, and he bought most of their interest, and he organized this corporation at that time, March, 1920.

"The Court: Who is going to pay if the jury find—

"Mr. Martin: These three partners, if it is established against the three partners.

"The Court: The rule is to conform the pleadings to the proof in the interest of justice, and nothing else could be done. I will allow the amendment and go to the jury on that.

"Mr. Martin: We ask your Honor to note that we don't represent these individuals.

"The Court: It matters not to me. They had ample, full, and complete notice of what the charge here is, and they can't come around me with any kind of stuff like that.

"Mr. Martin: We want to call Mr. R. E. Bruce in reply.

"The Court: You had better make a formal order of amendment along that line. Order duly made and filed."

I. From this order the members of the copartnership appeal. This was error. In *Cleveland v. Cohrs,* 13 S. C., 402, we find:

"When plaintiffs obtain leave to amend their proceedings by making new parties, it should appear upon the record that such parties have been brought in by the service of a summons, or the acknowledgment of such service; and when an amendment of a complaint is allowed, which calls for or warrants an answer or demurrer from one or all of the defendants, the record should show that a copy of such amendment has been duly served, and that the time for answering has expired, before this can be considered on its merits. In this case, the papers purporting to be answers of F. E. McKenzie and Mrs. Alexander might be regarded as a sufficient acknowledgment of service, so as to make

them parties to the case; but, having been filed before the second amendment was authorized, they certainly cannot be regarded as any acknowledgment of the service of such amendment, and as this amendment made such very material changes in the allegations of the complaint as warranted answers from the defendants, copies of it should have been served upon all of the defendants, and time allowed for answering, before the case could properly be heard by the Circuit Court."

There is no question as to the right of the trial Judge to order the amendment. The error was in refusing to give time to answer.

II. The next assignment of error was that the plaintiff was allowed to prove the contents of a certain deed, checks, etc., without producing the writings, or accounting satisfactorily for their absence. This assignment is also well taken, and sustained.

There are other assignments of error, but they were peculiarly incident to that trial, and a new trial must be ordered. They need not be considered.

The judgment appealed from is reversed, and a new trial ordered to all parties.