12676

COMMERCIAL CREDIT CO. v. CUMMINGS *ET AL.*

(148 S. E., 550)

Mr. J. A. Mace, for appellant,

530

*Mr. James M. Patterson,* for respondent,

June 11, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The plaintiff-respondent brought suit against W. P. Cook and C. W. Cummings Motor Company on a promissory note, the payment of which was secured by a chattel mortgage. Plaintiff alleged that C. W. Cummings Motor Company was a corporation. The summons and complaint were served upon C. W. Cummings, who it was thought was the president of the alleged corporation.

C. W. Cummings, individually, and W. P. Cook filed an answer, setting up various defenses and a counterclaim, the substance of which does not appear in the record before this Court. It does appear, however, that the answer alleged that "C. W. Cummings Motor Company" was not a corporation, but was only a name under which C. W. Cummings was trading. On motion of the plaintiff, the whole answer of Cummings and Cook was stricken out by order of his Honor, Circuit Judge J. Henry Johnson, and judgment was rendered against "C. W. Cummings Motor Company," a corporation. C. W. Cummings gave notice of intention to appeal from that order, but he failed to perfect his appeal, and on proper motion the Circuit Court dismissed it.

Later, the plaintiff sought from Hon. P. F. Henderson, as Special Judge, presiding in the Court of Common Pleas of Hampton County, an order requiring the Sheriff of that county to levy upon the property of C. W. Cummings, individually, under the judgment obtained; but Judge Henderson refused that order, and there was no appeal therefrom.

The plaintiff then gave notice of motion to amend its complaint, after judgment was filed, so as to make the judgment obtained against "C. W. Cummings Motor Company," a corporation, a judgment against C. W. Cummings individu-

ally. This motion was granted by Hon. W. H. Grimball, the presiding Judge. C. W. Cummings was not permitted to answer. The Circuit Judge based his decision upon the answer filed by C. W. Cummings, in which he alleged that he was trading as "C. W. Cummings Motor Company," which answer had been formerly stricken out by Judge Johnson.

It is from the order of Judge Grimball that the defendant C. W. Cummings has appealed to this Court. There are several exceptions, but they raise only two questions. The first challenges the right of the Circuit Judge to amend the complaint at all by substituting C. W. Cummings as a defendant in place of "C. W. Cummings Motor Company." The second charges that in any event the defendant C. W. Cummings should have been allowed to answer the plaintiff's complaint.

We think the questions presented are decided by the case of *Mull v. Easley Lumber Co.,* 121 S. C., 155, 113 S. E., 356. In that case, this Court affirmed the holding made in *Cleveland v. Cohrs,* 13 S. C., 402, where the right to bring in new parties by amendment during trial was approved, but it was decided that the new parties should be served with the summons and complaint and allowed time to answer or demur.

It is true C. W. Cummings tried to "butt into" the litigation as suggested by Mr. Justice Cothran, and become a party to the action, but he was not allowed to do so because of the plaintiff's objection thereto. If the plaintiff had allowed that part of the attempted answer of Cummings to remain, then Cummings would have been properly a party to the suit. The plaintiff sought afterwards to do the very thing which it did not want Cummings to do at first. Cummings tried to set the plaintiff aright, and the plaintiff refused to be righted.

It is our opinion that the Circuit Judge had the right to substitute C. W. Cummings as a party to the action, but he

committed error in not permitting Cummings to answer or demur to the complaint.

It is the judgment of this Court that the order of Judge Grimball be modified, so as to provide that the summons and complaint be served upon the new defendant, C. W. Cummings, and that he be allowed 20 days from the date of the service thereof to answer or demur to the complaint, as he may be advised.

Mr. Chief Justice Watts and Messrs. Justices Stabler and Carter concur.

Mr. Justice Cothran (dissentings): This is an appeal from an order of his Honor, Judge Grimball, allowing the plaintiff to amend its summons and complaint and to enter up judgment against C. W. Cummings, under the circumstances which I shall detail.

The credit company brought suit against Cummings Motor Company and W. P. Cook upon a promissory note given by Cook to the Cummings Motor Company, secured by a chattel mortgage, and indorsed by the Cummings Motor Company to the plaintiff credit company, upon which a balance of $358.60 was claimed.

The Credit Company assumed, in error, that the payee and indorser of a note, Cummings Motor Company, was a corporation, and so alleged in its complaint.

The summons and complaint were served upon Cook and upon C. W. Cummings, who was supposed to be the president of the corporation. Thereafter an answer was filed by Cook and C. W. Cummings in which it was alleged, among other things, that C. W. Cummings Motor Company was not a corporation, but that C. W. Cummings was trading under that name. In addition the answer contains several defenses and sets up a counterclaim against the Credit Company, the particulars of which do not appear in the record.

Later, upon motion by the plaintiff, his Honor, Judge Johnson, passed an order striking out the answer of Cook and C. W. Cummings as not raising an issue in the case, and

awarding judgment in favor of the plaintiff for $368 *without stating against whom.*

From this order Cook and C. W. Cummings gave notice of intention to appeal to the Supreme Court, but not having perfected their appeal it was dismissed by an order of the Circuit Court.

The plaintiff then procured a rule against the Sheriff to show cause why he should not levy the execution issued upon the judgment, upon the property of C. W. Cummings.

Upon the hearing of the rule by his Honor, Special Judge Henderson, it was discharged upon the ground that C. W. Cummings had not had notice of the rule and that a levy could not be made upon his property until the proceedings had been properly amended so that the judgment would run against C. W. Cummings personally.

Thereafter the Credit Company gave notice of a motion to amend the summons and complaint, after entry of judgment against Cook and C. W. Cummings Motor Company, "so as to make the judgment one against C. W. Cummings individually."

Upon hearing the motion his Honor, Judge Grimball, passed an order granting the motion and ordering "that the plaintiff have leave to enter up judgment in accordance with this motion."

Upon the Court announcing that he would grant the motion, counsel for C. W. Cummings moved that he be allowed to answer the amended complaint, which motion was refused. From this order the defendant C. W. Cummings has appealed.

The main point in the appeal is whether, under the circumstances, C. W. Cummings was entitled to serve an answer to the amended complaint; the other points raised by the exceptions are so manifestly without merit as to require no discussion.

The issue I think is to be determined by the effect of the voluntary appearance of C. W. Cummings, by his answer to

the original complaint. By it, in my opinion, he made himself as completely a party to the action as if he had been named as a party defendant and the summons and complaint had been personally served upon him, and that he was as such party defendant bound by all proceedings thereafter taken.

Here is a case where one of the defendants was alleged to have been a corporation; the summons and complaint were served, so far as the alleged corporation was concerned, upon a stranger who was supposed to have been president of the alleged corporation; he, voluntarily, files an answer in his personal name, denying the existence of such a corporation, and alleging that he was trading in the name of such corporation; *he answers to the merits,* setting up certain defenses, and sets up a counterclaim in his own right against *the claim of the plaintiff and demands judgment against it* thereon; it is assumed that the plaintiff made reply to such counterclaim, both sides thereafter treating Cummings individually as the proper defendant; his answer was stricken out as raising no issue; he gave notice of appeal from such order and later abandoned it. He did all that he could do to "butt into" the litigation, except to ask that his name be substituted for that of the alleged corporation. Suppose that the litigation had resulted in his favor, either upon the merits or upon his counterclaim, or upon both, could the plaintiff have successfully contended that Cummings was not a party to the suit, after it had accepted his answer, replied to his counterclaim, and fought out the case as if such an order had been taken? I do not think so. If not, what right has C. W. Cummings to contest the issue of his having been a party to suit?

In *Benson v. Shines,* 107 Ga., 406, 33 S. E., 439, the syllabus *by the Court* is as follows: "Where a mechanic institutes proceedings to foreclose his lien on realty, and prays process against the contractor, and not against the owner, and where the contractor only is served with copy of such petition and process, yet, if the owner appears on the trial of the case, demurs to plaintiff's action, and pleads to the merits

thereof, the owner becomes a co-defendant with the contractor, and is bound by a judgment foreclosing the lien upon his property."

In the opinion the Court said: "While McCrory was not made a party in the petition, and while process was not prayed against him, and while there was no order taken in the county Court to make him a party, we think his appearance in the Court by filing a demurrer and a plea to the merits, and introducing testimony thereunder, made him a party to the action, and he was bound by the judgment against his property. A person who is interested in the result of litigation may voluntarily make himself a party thereto by appearing and pleading, although he is not mentioned as a party in the petition, which prays no process against him. See 2 Black on Judgment, § 534; Hukm. Chand, *Res. Adj.* Sec. 71; *Brown v. Chaney* [1 Ga.], 1 Kelly, 412."

"The husband of a defendant, who has not been made a party to a foreclosure suit, but who joins his wife in an answer, will be bound by a decree." *Anderson v. Watts,* 138 U. S., 694, 11 S. Ct., 449, 34 L. Ed., 1078.

"One who, in the absence of fraud or imposition, by a voluntary appearance makes himself a party to a cause, is conclusively presumed to have notice of everything that appears of record in the case." *Austin v. Dufour,* 110 Ill., 85.

A party who has once appeared in Court in an action is deemed to be present until final judgment. *Baltimore, O. & C. R. Co. v. Taylor,* 81 Ind., 24.

A general appearance by an attorney for a party entitled to intervene in a proceeding for the administration of a decedent's estate makes the client a party to the proceeding. In re Heldmann's Estate, 153 App. Div., 583, 138 N. Y. S., 59.

In 4 C. J., 1324, it is said: "A person not named as a party to an action or suit but who voluntarily appears and pleads therein is bound by the judgment or decree, at least where plaintiff consents or does not object to such proceedings."

But aside from this, the objection that in reality C. W. Cummings had been sued by the wrong name, an objection which he virtually raised by his answer, was one that could have been taken advantage of as a misnomer. All the authorities hold that it is waived by answering to the merits, which C. W. Cummings did in this case.

In Bliss on Code Pleading, § 427, it is said: "In a case in New York, a private banker had been in the habit of doing business in a corporate name, and had sued and obtained judgment in such name. The appellate Court held that the objection could not have been taken by demurrer or answer, had the attempt to do so been made, and that, having gone to trial on the merits, the judgment was not erroneous. Judges Denio and Comstock give separate opinions, both agreeing in the result, and both treating it as a case of misnomer. Judge Denio thinks that, under Section 173 of the Code, as then numbered, authorizing amendments, the Court should, at any stage of proceedings, when attention was called to the defect, before or after judgment, have amended the complaint, without terms, by correcting the mistake in the name of the plaintiff; but that the failure to do so was not error, inasmuch as the Court is required to disregard any error or defect which shall not affect the substantial rights of the adverse party. Judge Comstock agrees that the misnomer is an irregularity which could not be the subject of demurrer or answer, and that the objection was waived by taking issue on the merits."

In *Miller v. George,* 30 S. C., 526, 9 S. E., 659, it is held that misnomer is a ground of a plea in abatement, which in the case at bar the party now complaining made no attempt to advance; in fact not only pleaded to the merits but set up a counterclaim in his personal right.

In *Commissioners of McIntosh County v. Aiken Canning Co.,* 123 Ga., 647, 51 S. E., 585, the syllabus is: "Where, in a civil case," defendant is "described by a wrong name," but, "appears, and pleads to the merits by the true name," without objecting to the misnomer, the error is waived.

In *Cabarrus County Drainage Dist. No. 2 v. Board of Com'rs. of Cabarrus County,* 174 N. C., 738, 94 S. E., 530, the syllabus is: "Where defendants in mandamus filed an answer pleading to the merits and entered a general appearance, their subsequent motion to dismiss for misnomer could not be granted, since a general appearance cures a misnomer of defendants."

See, also, *B. & P. R. Co. v. Fifth Baptist Church,* 137 U. S., 568, 11 S. Ct., 185, 34 L. Ed., 784, and perhaps 100 cases cited in Decennial Digests, Title "Parties," No. 94.

Many cases hold that the voluntary appearance of a *defendant,* that is, one originally a party to the suit, is equivalent to service of the summons upon him. While they are not precisely in point, there does not appear any ground for differentiating this situation from that of one who was not a party but voluntarily appeared by answer for his own benefit.

"A voluntary appearance of a defendant is equivalent to personal service of the summons upon him." Code Civ. Proc. § 396; *State v. Lewis,* 21 S. C., 598; *State v. Cohen,* 13 S. C., 198; *Barron v. Dent,* 17 S. C., 75; *Cotton v. Johnson,* 71 S. C., 413, 51 S. E., 245; *Whilden v. Chapman,* 80 S. C., 84, 61 S. E., 249; *McGrath v. Ins. Co.,* 74 S. C., 70, 54 S. E., 218; *Nixon v. Ins. Co.,* 74 S. C., 438, 54 S. E., 657; *Jenkins v. R. Co.,* 73 S. C., 294, 53 S. E., 481; *Elms v. Southern Co.,* 78 S. C., 326, 58 S. E., 809; *Stephens v. Ringling,* 102 S. C., 333, 86 S. E., 683.

"Under Code Civ. Proc. N. Y. Section 424, * * * a voluntary general appearance of the defendant * * * gives him the same standing as if he had been served [with summons]." *Williston v. Raymond* (D. C.), 213 F., 527.

"A defendant who * * * voluntarily appears * * * to defend the action, is in Court for all purposes." *Hayes v. B. F. Blaker & Co.,* 138 Mo. App., 24, 119 S. W., 1004.

If this position be correct, it seems clear that when his Honor, Judge Johnson, passed the order striking out the answer of C. W. Cummings and ordering judgment in favor

of the plaintiff, he would have been justified in naming C. W. Cummings as one of the parties against whom judgment should be entered. This manifestly was due to an oversight of counsel for the plaintiff; he failed to do. Special Judge Henderson recognized the right of the plaintiff to have the complaint and judgment amended, but properly could not order the levy. applied for until that should be done.

The motion before his Honor, Judge Grimball, was to have this very thing done; clearly within Section 436 of the Code, which provides: "The Court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect. * * * "

C. W. Cummings had already had his day in Court, and if he should be allowed now to answer, it is reasonable to assume that he could not with any degree of candor improve upon the answer which he filed in the first instance.

I think therefore that the order of his Honor, Judge Grimball, should be affirmed.