June 11, 1929. The opinion of the Court was delivered by
The plaintiff-respondent brought suit against W.P. Cook and C.W. Cummings Motor Company on a promissory note, the payment of which was secured by a chattel mortgage. Plaintiff alleged that C.W. Cummings Motor Company was a corporation. The summons and complaint were served upon C.W. Cummings, who it was thought was the president of the alleged corporation.
C.W. Cummings, individually, and W.P. Cook filed an answer, setting up various defenses and a counterclaim, the substance of which does not appear in the record before this Court. It does appear, however, that the answer alleged that "C.W. Cummings Motor Company" was not a corporation, but was only a name under which C.W. Cummings was trading. On motion of the plaintiff, the whole answer of Cummings and Cook was stricken out by order of his Honor, Circuit Judge J. Henry Johnson, and judgment was rendered against "C.W. Cummings Motor Company," a corporation. C.W. Cummings gave notice of intention to appeal from that order, but he failed to perfect his appeal, and on proper motion the Circuit Court dismissed it.
Later, the plaintiff sought from Hon. P.F. Henderson, as Special Judge, presiding in the Court of Common Pleas of Hampton County, an order requiring the Sheriff of that county to levy upon the property of C.W. Cummings, individually, under the judgment obtained; but Judge Henderson refused that order, and there was no appeal therefrom.
The plaintiff then gave notice of motion to amend its complaint, after judgment was filed, so as to make the judgment obtained against "C.W. Cummings Motor Company," a corporation, a judgment against C.W. Cummings individually. *Page 531 
This motion was granted by Hon. W.H. Grimball, the presiding Judge. C.W. Cummings was not permitted to answer. The Circuit Judge based his decision upon the answer filed by C.W. Cummings, in which he alleged that he was trading as "C.W. Cummings Motor Company," which answer had been formerly stricken out by Judge Johnson.
It is from the order of Judge Grimball that the defendant C.W. Cummings has appealed to this Court. There are several exceptions, but they raise only two questions. The first challenges the right of the Circuit Judge to amend the complaint at all by substituting C.W. Cummings as a defendant in place of "C.W. Cummings Motor Company." The second charges that in any event the defendant C.W. Cummings should have been allowed to answer the plaintiff's complaint.
We think the questions presented are decided by the case of Mull v. Easley Lumber Co., 121 S.C. 155,113 S.E., 356. In that case, this Court affirmed the holding made inCleveland v. Cohrs, 13 S.C. 402, where the right to bring in new parties by amendment during trial was approved, but it was decided that the new parties should be served with the summons and complaint and allowed time to answer or demur.
It is true C.W. Cummings tried to "butt into" the litigation as suggested by Mr. Justice Cothran, and become a party to the action, but he was not allowed to do so because of the plaintiff's objection thereto. If the plaintiff had allowed that part of the attempted answer of Cummings to remain, then Cummings would have been properly a party to the suit. The plaintiff sought afterwards to do the very thing which it did not want Cummings to do at first. Cummings tried to set the plaintiff aright, and the plaintiff refused to be righted.
It is our opinion that the Circuit Judge had the right to substitute C.W. Cummings as a party to the action, but he *Page 532 
committed error in not permitting Cummings to answer or demur to the complaint.
It is the judgment of this Court that the order of Judge Grimball be modified, so as to provide that the summons and complaint be served upon the new defendant, C.W. Cummings, and that he be allowed 20 days from the date of the service thereof to answer or demur to the complaint, as he may be advised.
MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.