Wilder *v.* Weatherhead et al.

JOHN WILDER *v.* S. E. WEATHERHEAD *and* *Trustee*, TYLER. L. JOHNSON.

*Trustee process.*

If a trustee, under an arrangement with the first trusteeing creditor and the defendant, pay his debt to such creditor, and the latter does not prosecute his suit to judgment against the trustee, as well as the debtor, the trustee is still liable to a subsequent trusteeing creditor not a party to such arrangement, who does complete his judgment, and whose process was served prior to such arrangement. And the rule is the same whether the defendant's claim against the trustee is payable in money or in specific articles.

TRUSTEE PROCESS. From the commissioner's report it appeared that on the 22d of March, 1856, the trustee, Johnson, was indebted to the defendant in cash thirty-one dollars and forty-six cents, and in slate of second quality to the amount of one hundred and eighty dollars, payable on demand, at the trustee's quarry, and that on that day one Jacobs, one Gregory, and the plaintiff brought their several actions against the defendant, and in the order above named, and each trusteed Johnson therein.

Shortly afterwards, Johnson, acting in good faith and supposing that he was holden to pay the defendant's creditors, who had trusteed him, in the order of their attachments, so far as the credits in his hands would go, accepted an order drawn by the defendant in favor of Jacobs, the first trusteeing creditor, for thirty-one dollars and sixty-six cents cash and thirty-nine dollars and sixty-four cents in slate, being the full amount of Jacob's claim against the defendant, and Jacobs never entered his suit in court, which acceptance Johnson afterwards paid.

On the same day Johnson accepted and subsequently paid another order drawn on him by the defendant in favor of Gregory, the second trusteeing creditor, for the remainder of the slate which he was owing to the defendant, being in value one hundred and forty dollars and thirty-six cents, which was not the full amount of Gregory's claim, who accordingly entered his suit in court, and took judgment and execution at the April Term, 1856, for the whole of his claim against the defendant, but the suit was not entered against the trustee, Johnson, who was notified by Jacobs and Gregory at the time of paying the orders, that he was discharged by them respectively.

Wilder *v.* Weatherhead et al.

The plaintiff did not assent to these arrangements made by the defendant, Jacobs, Gregory and Johnson, and it did not appear that he knew anything about them till they were ended.

Upon these facts, the county court, at the April Term, 1859,— REDFIELD, Ch. J., presiding,—adjudged the trustee chargeable, to which the trustee excepted.

*George Howe*, for the trustee.

*E. Kirkland*, for the plaintiff.

BARRETT, J.   Johnson, the trustee, being indebted to Weatherhead, the defendant, in the sum of thirty-one dollars and forty-six cents to be paid in cash, and the sum of one hundred and eighty dollars to be paid in slate of second quality, on demand, at the trustee's quarry, was successively served with trustee processes, one in favor of Jacobs against Weatherhead, one in favor of Gregory against the same, and one in favor of this plaintiff against the same, (being that now before the court.)   The propriety of the adjustment of the amount due from the trustee to the defendant, made by them, is not questioned.

The only question to be decided is, whether the payment made by the trustee to Gregory acquits him of liability to be adjudged trustee in favor of the plaintiff in this suit.

As to said indebtedness of one hundred and eighty dollars, the trustee could not be held as for having in his possession specific chattels belonging to the defendant, but only as for an indebtedness, arising upon a written contract, which was to be paid in a specified kind of personal property, viz : slate of second quality, at the trustee's quarry.

Whatever right said several creditors acquired in reference to that property, was in virtue of the service and prosecution of their respective trustee processes, conformably to the provisions of the statute.   An inchoate *lien* was created by the service of said processes, that created by the subsequent being in subjection to that created by the prior service.

The liability of Johnson, as trustee under the process of any of said creditors, could only be perfected and fixed by a final

Wilder *v.* Weatherhead et al.

judgment against both himself and the principal debtor. The right of the several creditors, as between themselves, by virtue of their successive processes, to reach the goods, effects and credits of their debtor in the hands of a third person, as trustee of such debtor, is a matter of strict law, and unless the creditor in the prior process perfects his right against the trustee, by obtaining final judgment that may be enforced in the manner provided by the statute, his process will fail to postpone or defeat the creditors in the subsequent processes in reaching such goods, effects and credits. As the trustee can be charged with liability to any creditor only by force of final judgment obtained under the process, if he volunteers to favor a creditor in a prior process, when several successive processes are pending at the same time, by paying to him the trust fund, or delivering to him the trust property, without such final judgment having been obtained, he does it at the hazard of having to answer upon judgments that the creditors in the subsequent processes may obtain.

The design of the statute as to trustee process is to enable the interest of the debtor in personal property, and his rights and credits, in the hands of third persons, to be attached and made available by his creditors, in the manner provided in said statute. The rights of creditors, as between themselves, in the use and efficacy of this form of process, stand in strict analogy to their rights under attachments made upon ordinary *mesne* process. The law contemplates that the trustee himself shall be a mere passive stakeholder, yielding only to the compulsive force of final judgment duly obtained by any given creditor or creditors.

The case of *Munger* v. *Fletcher*, 2 Vt. 524, is not inconsistent with this view. That was an action on the case to recover damage for the misbehavior of the sheriff, in selling property under an arrangement between several successive attaching creditors before judgments had been obtained. It appeared that he sold it for more than it would have brought if he had kept and sold it upon the executions, when obtained. Such executions were subsequently obtained in due course, and seasonably delivered to the sheriff to charge the property that had been attached and thus sold by him. He applied the proceeds of the property thus sold upon said executions, in the order of their priority, and they were

exhausted before reaching the plaintiff, who was the last of six successive attaching creditors, but was not party to the arrangement under which the sheriff made said sale of the property attached.

The court held that as the case showed that the plaintiff had suffered no damage by the course thus taken with the property, he was not entitled to recover.

In the present case the question is, whether the property has been so withdrawn from the trustee's hands by process of law, and in pursuance of its provisions, as to disentitle the plaintiff to claim a judgment for it against the trustee.

The principle of the case of *The Brandon Iron Co.* v. *Gleason,* 24 Vt. 228, of *Hall* v. *Walbridge,* 2 Aik. 215, and of *Murray* v. *Eldridge,* 2 Vt. 338, seems to be applicable and controlling in the present case. In *The Brandon Iron Co.* v. *Gleason,* the case of *Munger* v. *Fletcher* is considered, and the true view of it is presented by the learned Judge who delivered the opinion of the court.

As already indicated, a judgment in favor of Gregory against the *trustee,* as well as against the debtor, was necessary in order to perfect his *lien* acquired by the original service of his process, and to give him any right to claim and take the property from the hands of the trustee. As Gregory failed to perfect that *lien* and right, the plaintiff thereupon succeeded to the unobstructed right, by pursuing his suit to judgment, to claim and hold of the trustee the property that had become changed in his hands by the original service of his trustee process.

If it were proper for us to permit a regard for real or supposed equities to countervail the operation of explicit provisions of the statute, and well settled principles and rules of the common law, the trustee in this case might seem entitled to some immunity from his peril of having to pay twice what he was owing to the defendant. But as the law was open before him, and thereby he was entirely safe from such peril, so long as he saw fit to abide by the law, it would hardly be allowable for this court to save him from the consequences of his own improvidence by denying to the plaintiff the rights which the law accords to him. We think the judgment of the county court was right, and it is affirmed.