ALEXANDER ROY, Garnishee, &c. *v.* HEARD & SIMMONS.

1. GARNISHMENT: EFFECT OF RETURN OF SERVICE, OF "EXECUTED."—A return of "executed" on a writ of garnishment, is no evidence of service, upon which the court can act, and it imposes no duty or liability upon the garnishee.
2. SAME: GARNISHEE MAY WAIVE SERVICE: HOW HE SHALL ANSWER.—A garnishee may waive service of the writ, and voluntarily answer; and if he do so, it will be sufficient if he deny indebtedness at the time he files his answer.
3. SAME: SAME.—Where the return of the service of a garnishment is simply "executed," and the garnishee appears and answers, it is not necessary for the answer to deny indebtedness "at the time of the service" of the garnishment.

ERROR to the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

Heard & Simmons having recovered a judgment in the court below against one W. D. Roy, for $928 27, and costs, sued out a writ of garnishment against A. Roy. This writ was returned by the sheriff "Executed, May 12, 1859." On the 14th of May, 1859, A. Roy made oath to his answer, before a justice of the peace, and

Roy, Garnishee, *v.* Heard & Simmons.

in which he stated, "that he is not indebted to said defendant W. D. Roy, nor has he any of the goods and effects of said defendant in his hands or possession; nor does he know of any person, or persons, who are so indebted, or have any such goods or effects in their possession." This answer was filed the 16th of May, 1859.

No demurrer or exception was filed to the answer; but, on the 28th of the same month, the court rendered judgment final against the garnishee for the full amount of the judgment against W. D. Roy, and costs. This judgment recites, that the court was "satisfied that the answer of the garnishee is defective;" but it is not stated in what particular.

A. Roy, the garnishee, sued out this writ of error.

*W. P. Harris*, for plaintiff in error.

*W. S. Epperson*, for defendants in error.

HARRIS, J., delivered the opinion of the court.

The main point of error relied on in this case is, that the judgment of the court below, against the garnishee, under the facts before us, should have been for the plaintiff in error.

The only service of process appearing in the record, is the return of "executed." This we have held, in several cases, is no service upon which the court can render judgment. It imposed no duty or liability upon the plaintiff in error.

At the term of the court it appears that plaintiff in error appeared and answered, denying all indebtedness *at that time,* but not denying, in the language of the act, indebtedness at the time of the service of garnishment upon him.

As *no service* had been made in law, of the process existing against him, the appearance of the party in court must be regarded as a waiver of such service of process. And his answer being filed in the same moment, and being indeed itself the waiver, it is a full compliance with the statute to deny, in such answer, *present* indebtedness, &c.

Let the judgment be reversed and cause remanded.