EMMA F. CREED *vs.* JAMES E. GILMAN & others.

Worcester. October 4, 1897. — November 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Trustee Process — Validity of Attachment of Funds in Hands of Trustee as against Third Persons.*

A valid attachment by trustee process of funds in the hands of the trustee can only be made as against third persons by the service of the writ on the trustee by a duly authorized officer. The acceptance of service indorsed by the trustee on the writ is not sufficient.

TRUSTEE PROCESS. Writ dated July 9, 1895. The principal defendants were James E. Gilman and Frederick N. Cheney; and Hamilton Mayo, as executor of the will of Asula P. Goddard, was named as trustee. Judgment by default was entered against Cheney, and on July 10, 1895, Mayo indorsed his acceptance of service on the writ, and filed an answer. Cheney's assignee of " any and all balances of my [Cheney's] distributive share of and in the estate of the late Asula P. Goddard " appeared as claimant.

At the trial, before *Gaskill*, J., the plaintiff asked the ruling that the indorsement of service upon the writ by the trustee constituted a lien on the funds. The judge refused so to rule, and ruled that such an indorsement would not constitute a lien as against a third party, and found for the claimant. The plaintiff alleged exceptions.

*T. B. Dunn*, for the plaintiff.

*H. Wheeler*, for the claimant.

MORTON, J. We think that, as against the claimant, the acceptance of service by the trustee did not create a lien on the funds in his hands in favor of the plaintiff. An attachment valid as against third persons can be made only in the manner provided by law. It does not arise in such a case by consent of parties. The issuing of a writ does not create it. Something more is necessary. And that, we think, is the arresting of the debt in the hands of the trustee, which is effected by a service of the writ on him by a duly authorized officer. *Nelson* v. *San-*

*born,* 64 N. H. 310.    *Edler* v. *Hasche,* 67 Wis. 653.    *Epstein* v.
*Salorgne,* 6 Mo. App. 352.    *Gates* v. *Tusten,* 89 Mo. 13.    *Schind-
ler* v. *Smith,* 18 La. An. 476.

The trustee process, as it is termed in this Commonwealth, or
process of foreign attachment or garnishment, as it is called else-
where, is so far as relates to the trustee an attachment of the
property in his hands, and a summons to him to appear at court.
And it well may be that an acceptance of service on his part
should be regarded as a waiver by him of so much of the process
as contains a formal notice to appear, and that, if the defendant
does not object and the rights of third parties are not affected,
a voluntary appearance and answer on his part should be re-
garded as sufficient.    *Harris* v. *Somerset & Kennebec Railroad,*
47 Maine, 298.    *Whitney* v. *Lehmer,* 26 Ind. 503.    *Baltimore,
Ohio, & Chicago Railroad* v. *Taylor,* 81 Ind. 24.    *Carter* v. *Kosh-
land,* 12 Ore. 492.    *Roy* v. *Heard,* 38 Miss. 544.

It is not necessary, however, to decide that question now.
The only case to which we have been referred, which takes a
different view from that which we have taken, is the case of
*Cahoon* v. *Morgan,* 38 Vt. 234, which is contrary to the earlier
case of *Wilder* v. *Weatherhead,* 32 Vt. 765, in the same State,
and, we think, to the weight of authority.

*Exceptions overruled.*