## In re JOHNSON.

### (District Court, D. Vermont. April 25, 1901.)

BANKRUPTCY—AVOIDANCE OF LIENS—ATTACHMENTS.

V. S. § 1791, provides that "personal property attached on mesne process shall be held to respond to the judgment rendered thereon 30 days from the time it is rendered; and unless the plaintiff within 30 days from the rendition of final judgment takes such property in execution it shall be discharged from such process." The decisions of the supreme court of the state treat such attachment as an inchoate lien, which must be perfected by the creditor by obtaining judgment and taking out execution within 30 days. *Held*, that where such an attachment was made of property of a bankrupt more than four months prior to the filing of the petition in bankruptcy, but judgment was obtained and execution issued within the four months, such judgment and execution were void, so far as related to the attached property, and the property affected was discharged, under Bankr. Act 1898, § 67f.

In Bankruptcy. Proceeding by trustee to restrain sale of property of the bankrupt under attachment.

Roland E. Stevens, trustee, pro se.
William Batchelder, for attaching creditor.

WHEELER, District Judge. The statutes of Vermont provide:

"Sec. 1791. Personal property attached on mesne process shall be held to respond to the judgment rendered thereon thirty days from the time it is rendered; and unless the plaintiff within thirty days from the rendition of final judgment takes such property in execution it shall be discharged from such process."

The bankrupt act provides:

"Sec. 67f. That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt," etc.

Personal property of the bankrupt was attached on mesne process August 1, 1900, by copy in the town clerk's office. Judgment was obtained in the suit January 1, 1901. The defendant therein was adjudged bankrupt January 17th. The trustee succeeded to the possession of the bankrupt. The creditor took out execution and delivered it to the officer within the 30 days, who has advertised the property for sale on the execution. This proceeding is brought by the trustee to restrain the sale on the ground that, although the attachment was more than four months old at the time of the filing of the petition in bankruptcy, the lien would not become perfect till the time of the judgment, and of the placing of the execution in the officer's hands within the 30 days. In Wilder v. Weatherhead,

32 Vt. 765, as well as elsewhere, such an attachment is spoken of as an "inchoate lien"; and in Dewey v. Fay, 34 Vt. 140, the court, by Aldis, J., said:

"By our system of attachment of personal property, the creditor must perfect his lien by obtaining judgment, taking out execution within thirty days, and delivering it to the officer who made the attachment, or demanding of him the property."

The lien does not become perfect as a charge upon the property until the recovery of the judgment and the taking in execution. The judgment, and the levy of execution under it, are proceedings that the bankrupt act, as quoted from, expressly declares shall be deemed null and void. Without them the attaching creditor had no perfect lien. When obtained, they are absolutely null and void. In that condition they are wholly inoperative to perfect what was before an imperfect lien. It has sometimes been thought that judgments might be taken to hold the property attached, as was done under the act of 1867 in jurisdictions where such attachments on mesne process prevailed; but that act did not have such provisions as these in respect to judgments and levies, by which they are expressly cut off. This conclusion appears to be the same as that reached by Judge Brown upon similar statutes and proceedings under them in Connecticut. In re Lesser, 5 Am. Bankr. R. 326, 108 Fed. 201. Stay granted.