Mason, J.
This is an action of contract, begun by a trustee writ in which six individuals named as trustees were described as follows:
“co-partners doing business under the name and style of United Wholesale G-rocery Co.” Service of the writ was made as to the trustees and as appears by the return “by giving in hand to Joseph S. Aisenberg, partner in charge of its business at the time of service thereof a true and attested copy of this writ.”
A subsequent return of service states that the trustees were summoned “by giving in hand to B. Finldestein, cashier of the United Wholesale Grocery Co. and in charge of its business at the time of service, a true and attested copy of this writ.”
*500 The defendant and the trustees were defaulted for failure to file an answer and judgment was entered for the plaintiff. Execution was issued. Demand was made on the trustees. Payment was refused and a writ of scire facias was issued. The trustees then appeared and answered as follows:
“Now come the Trustees and state that at the time of service of the writ upon them they had no goods, effects or credits which were due the defendant pursuant to the laws of the Commonwealth of Massa^ chusetts relating to the trustee process. ’ ’
At the hearing on the writ of scire facias certain evidence was introduced and thereafter counsel for the trustees introduced in evidence a document issued by the Commonwealth of Massachusetts, which document disclosed that the alleged trustees were not co-partners but were trustees under a trust agreement filed with the Commissioner of Corporations and Taxation at the State House in Boston. The admission of this document as evidence was objected to by counsel for the plaintiff but no request for ruling followed.
At this stage of the proceedings the. Trial Court took the matter under consideration and allowed counsel for the plaintiff to file certain requested rulings nineteen in number.
The Trial Court on March 15,1935, filed a decision as follows :
“RULINGS AND FINDINGS.
This case came to be heard on a scire facias. The original writ was brought in this Court in action of contract, the trustees in the writ being described as co-partners doing business under the name and style of United Wholesale Grocery Co. The officer’s return on the writ shows that service was made on July 24, 1934, on Joseph S. Aisenberg, partner in charge of the business of the alleged trustee, and on August 2, 1934, officer’s return was that service was made upon one Fin *501 klesteín, casMer of the United Wholesale Grocery Co. and in charge of its business. The alleged trustees are Samuel Aisenberg, Myer Aisenberg, Joseph S. Aisenberg, William Aisenberg, Irving Aisenberg and Albert Aisenberg.
It appeared at the hearing, and I find from the evidence introduced that the said persons are not a co-partnership, but are trustees under a Trust Agreement, which is filed with the Commissioner of Corporations & Taxation, State House, Boston. The alleged trustees in the original action failed to file any answer to the original action, but came in on the scire facias and filed an answer alleging ‘NO FUNDS’. Clearly the service on B. Finklestein is not a good service under Chap. 246, §§5 and 7, G-eneral Laws, T. E. and I find and rule that service on Joseph S. Aisenberg made on July 24, 1934, is not good and sufficient under section 7, inasmuch as the parties sought to be charged as trustees were inaccurately described inasmuch as such parties are not a co-partnership. In Warner vs. Perkins & Trs., 8 Cushing 518, it was held that' service on persons jointly liable as trustees must be made on each of the alleged trustees. The answer filed by the alleged trustees in the scire facias proceedings cannot be held to be acceptance of service as persons sought to be charged as trustees in trustee process cannot accept service (Creed vs. Gilmas, 169 Mass. 562).
Upon the grounds stated, I find that service upon the alleged trustee was insufficient under G-en. Laws, Chap. 246, §§5 and 7, and I therefore find for the defendant.
Certain requests were filed "by the plaintiff. I decline to rule upon these requests inasmuch as they are immaterial upon the finding made by me in this case. ”
The plaintiff thereafter filed a request for a report and a draft report.
On April 8, 1935, a hearing was held upon the draft report and at that time the plaintiff was allowed to file the following motion:
“MOTION TO AMEND.
Now comes the plaintiff in the above entitled action and moves that it may be allowed to amend its writ and *502 declaration by substituting for the words ‘ Samuel Aisenberg, Meyer Aisenberg, Joseph S. Aisenberg, William Aisenberg, Irving Aisenberg and Albert Aisenberg, all of the City and County of Worcester, Commonwealth of Massachusetts, co-partners doing business under the name and style of United Wholesale Grocery Co.’ wherever the same appears, the following:
‘ Samuel Aisenberg, Meyer Aisenberg, Joseph S. Aisenberg, William Aisenberg, Irving Aisenberg and Albert Aisenberg, all of the City and County of Worcester, Commonwealth of Massachusetts, trustees under a voluntary declaration of trust, doing business under the name and style of United Wholesale Grocerv Co.’ ”.
Thereupon the Court allowed said Motion to Amend the writ and declaration but stipulated that the plaintiff must waive its claim for report to the Appellate Division theretofore filed on the 15th day of March, 1935. Thereupon the plaintiff waived its claim for said report.
On the 23rd day of May, 1935, counsel for the trustees filed the following motion:
“MOTION FOB JUDGMENT FOB DEFENDANT TRUSTEES ON SCIRE FACIAS.
Now come the Trustees in the above entitled cause and state that on April 13, 1935, the plaintiff filed a waiver of report from the Appellate Division after finding for the defendants on scire facias. The defendants on scire facias therefore move that judgment be entered for them. ’ ’
On the 24th day of May, 1935, the plaintiff filed a “MOTION TO VACATE FINDING AND JUDGMENT ON SCIRE FACIAS.”
These two motions were heard together and on the 28th day of May, 1935, the Court denied Plaintiff’s Motion to Vacate Finding and Judgment on Scire Facias and to place said action on the trial list and allowed the Trustees’ Mo *503 tian for Judgment on Scire Facias. The plaintiff thereupon claimed a report and on the 29th day of May, 1935, filed a formal request for a report upon the denial of its motion and an allowance of the Trustees’ motion.
The plaintiff having elected to rely on its motion to amend the original writ we must consider the effect of the allowance of that motion "by the Trial Court. The following sections of the statutes would seem to have some bearing on this question. Gr. L. (Ter. Ed.) e. 231 §51 is as follows — -
“The court may, at any time before final judgment, except as otherwise provided, allow amendments introducing a necessary party, discontinuing as to a party or changing the form] of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or enable the defendant to make a legal defence.”
Gr. L. (Ter. Ed.) c. 231 §54 is as follows—
“If a new defendant is introduced by amendment, the plaintiff may take out against him a new writ of copias and attachment or of summons, in such form, and returnable at such time, as the court orders. Upon service and return of such new writ, like proceedings may be had as if the person named therein had been originally made a party. ’ ’
Gr. L. (Ter. Ed.) c. 231 §56 is as follows—
“The court in which a judgment has been rendered, or to which it has been removed by writ of error, may, if justice so requires and the amendment is in affirmance of the judgment, allow formal defects or imperfections in the record or proceedings to be corrected or amended.”
In the present case the motion to amend the writ was not for correction of the record of the Court, but was for a *504 change in the Writ which is the foundation of this action. It involves either a new trustee, or a new description of the capacity in which the trustees named in the writ are to be held. There was no service of any new process upon the trustees. They could not waive service and confer any rights upon the plaintiff by consent. The trustees had been served with a copy of the original writ, and not with a copy of the writ as amended. No amendment of the officer’s return could cure this defect without a new service. No attempt has been made to amend the officer’s return.
It is difficult to see how such an amendment of the writ could be effectively allowed without vacating the judgment already obtained, and issuing a supersedeas of the execution issued to enforce such judgment. If that was the effect of the allowance of the motion, the scire facias proceedings based on the original judgment must fall at the same time. If a new judgment were obtained in place of the original judgment, it would be necessary to have a new execution and a demand thereon before scire facias proceedings could be instituted against the trustees named in the writ as amended.
If the Trial Court had no power to grant the plaintiff’s motion to amend the writ after judgment without first setting aside such judgment by proper proceedings in accordance with the statutes, there was no effective amendment of the writ, and the scire facias proceedings were ripe for judgment upon the rulings and findings already made.
At the hearing on the two. motions last filed in this case there were no requests for rulings. The requests' filed at the hearing prior to the amendment had been waived, and all right to object to the rulings then made had been lost. By its own election the plaintiff has lost whatever rights it might have had against the trustees described in the original writ, and it has taken no proper steps to *505 charge the trustees described in the writ as amended upon the plaintiff’s motion.
The plaintiff’s motion to vacate finding and judgment on scire facias was addressed to the discretion of the Trial Court. It was not based upon any offer of new evidence. The facts had been determined by the findings of the Trial Court based upon the testimony of the trustees, which in this proceeding is to be taken as true. The same rules prevail whether the testimony of the trustees was oral or by written answers to written interrogatories as it should have been. MacAusland v. Fuller, 229 Mass. 316; Kolda v. Ben Franklin Fire Insurance Co., Mass A. S. (1935) 857.
We find no prejudicial error in the rulings of the Trial Court and this report must be dismissed.