**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 97-CT-00291-SCT**

*GLENN FOLSE*

*v.*

*PAULA N. STENNETT-YANCEY*

<u>**ON WRIT OF CERTIORARI**</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 01/29/1997 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT WHITE |
| ATTORNEY FOR APPELLEE: | PAULA N. STENNETT-YANCEY |
| | JAMES L. ROBERTSON |
| NATURE OF THE CASE: | CIVIL - GARNISHMENT |
| DISPOSITION: | REVERSED - 3/23/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/13/2000 |

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This appeal presents the question of the applicability of the Mississippi Rules of Civil Procedure, specifically Rule 55 and its notice provisions, to garnishment actions. Paula Stennett-Yancey received a default judgment in a garnishment action. Glenn Folse, the judgment debtor, claimed that he was entitled to notice of those proceedings before default judgment could be granted. The Court of Appeals reversed the Lauderdale County Circuit Court's refusal to set the default judgment aside. This Court granted Stennett-Yancey's Petition for Writ of Certiorari, and, after due consideration, we reverse the Court of Appeals and reinstate the judgment of the circuit court.

I.

¶2. In September 1995 Paula Stennett-Yancey sued Glenn Folse in the County Court of Lauderdale County for unpaid legal fees. On October 23, 1995, Stennett-Yancey was awarded a $8,054.91 default

judgment, plus interest, court costs and attorney's fees of $500 against Folse.

¶3. On November 9, 1995 Stennett-Yancey caused a writ of garnishment to be issued to Stevens & Ward, P.A., a Jackson law firm, from the Lauderdale County Court. Stevens & Ward owed Folse $7,303.33 in legal fees earned in a matter in which he had acted as co-counsel.

¶4. On November 30, 1995, in response to the writ of garnishment, Stevens interpled the $7,303.33 into the Hinds County Chancery Court, First Judicial District.

¶5. On December 4, 1995, Stevens & Ward answered the writ of garnishment in Lauderdale County. In its answer, Stevens & Ward stated that Folse's last known address was "1001 Edenbourne Street, Pineville, Louisiana 71360." Stevens & Ward further stated that it owed a $7,303.33 debt to Folse but had no knowledge whether those funds were exempt from garnishment.

¶6. On January 5, 1996, the Lauderdale County Circuit Clerk sent notice to Folse of his right to claim an exemption to the garnishment. This notice was sent to the address provided by Stevens & Ward in its answer. That notice was returned marked "return to sender" on January 16, 1996.

¶7. On January 30, 1996, a hearing on the interpleader was held before the Hinds County Chancery Court. On Stennett-Yancey's motion, the chancellor dismissed the interpleader action with prejudice for lack of subject matter jurisdiction and transferred the $7,303.33 to the Lauderdale County Court. Both parties approved the order which transferred the $7,303.33 to Lauderdale County and dismissed the interpleader with prejudice.

¶8. On February 7, 1996, Stennett-Yancey applied for and was granted a default judgment on the garnishment action in the Lauderdale County Court. The $7,303.33 was subsequently paid over to Stennett-Yancey.

¶9. On April 24, 1996, Folse moved in Lauderdale County to vacate the default judgment on the garnishment action. As grounds for this motion, Folse alleged that he had not received notice of the default proceedings. The motion to vacate further alleged that Folse had answered Stevens's complaint of interpleader and had filed a declaration of exempt property in Hinds County, claiming the $7,303.33 as cash on hand pursuant to Miss.Code Ann. § 85-3-1.

¶10. By order entered May 20, 1996, the Lauderdale County Court denied Folse's motion to vacate. The Lauderdale County Circuit Court affirmed the county court by judgment dated January 29, 1997. Folse appealed from this final judgment.

¶11. The Court of Appeals reversed and remanded. It found Folse's argument that he was not properly served with a notice of the garnishment proceedings without merit. The Court of Appeals did find that the Rules of Civil Procedure were applicable to this matter of garnishment actions, and as Folse did appear, but did not receive three days written notice as required by M.R.C.P. 55(b), then the default judgment would be vacated. The Court of Appeals dissent found that garnishment proceedings were governed by the applicable statutes, not the M.R.C.P., and as such Folse was not entitled to notice under M.R.C.P. 55.

II.

¶12. The dispositive question in this appeal is whether the default judgment provision in M.R.C.P. 55

applies in garnishment cases. The Court of Appeals found reversible error in this appeal on the basis that it does. Paula Stennett-Yancey argues that it does not.

¶13. This Court stated the following in *First Miss. Nat'l Bank v. KLH Indus., Inc.*, 457 So.2d 1333, 1337-38 (Miss. 1984):

> Rule 69(a), Miss.R.Civ.P., is the applicable and governing rule. This Rule pertains to enforcement of judgments, and provides:
>
> (a) Enforcement of Judgments. Process to enforce a judgment for the payment of money shall be by such procedures as are provided by statute. The procedure on execution, in proceedings supplementary to and in aid of judgment, and in proceedings on and in aid of execution, shall be as provided by statute.
>
> . . . .
>
> According to Rule 69(a), the procedure required by the Rules themselves by which the holder of a judgment seeks to enforce that right and to secure that remedy, "shall be as provided by statute [the garnishment statutes ]." [Emphasis added]. The Rules, therefore, defer to the garnishment statutes with regard to procedures to be followed in a garnishment action.
>
> The official comment to Rule 69(a) reiterates the point:
>
> "Rule 69(a) provides that the traditional Mississippi legal devices continue to be available for the enforcement of judgments, and that the statutory procedures governing their use still prevail; there is no departure from prior law." [Emphasis added].
>
> Accordingly, the procedural rules whereby a party seeks to enforce, or resist the enforcement of, the remedy of garnishment is that provided by our garnishment statutes, Miss.Code Ann. §§ 11-35-1 to -61 (1972) supplemented only by so much of the Mississippi Rules of Civil Procedure as may be found not inconsistent with those statutes.

*See also* **FSLIC v. S&W Constr. Co.**, 475 So.2d 145 (Miss. 1985)(default judgment in garnishment proceeding could only be set aside through procedure provided in statutes, and not through MRCP 60); **Leader Nat'l Ins. Co. v. Lindsey**, 477 So.2d 1323 (Miss. 1985)(requirement of MRCP 9(c) that conditions precedent be pled not applicable in garnishment suit).

¶14. Another important question is the extent to which Glenn Folse may claim that he should have been a party to the garnishment action below. Paula Stennett-Yancey first obtained a default judgment against Folse on their account. That judgment has not been questioned. The garnishment action then instituted by Stennett-Yancey is between Stennett-Yancey and Stevens & Ward. Folse's rights in the garnishment action are defined by statute. Miss. Code Ann. § 11-35-31 deals with the consequences of the garnishee's failure to answer, and not the judgment debtor's. Section 11-35-33 provides further:

> Any garnishee who answers admitting an indebtedness, or the possession of property due or belonging to the defendant, *may show by his answer that he is advised and believes that the defendant does or will claim the debt or property, or some part thereof, as exempt from garnishment, levy, or sale. Upon the filing of such answer, the clerk or justice of the peace*

*shall issue a summons or make publication, if defendant be shown by oath to be absent from the state, for the defendant, notifying him of the garnishment and the answer, and requiring him to assert his right to the exemption.* Proceedings against the garnishee shall be stayed until the question of the debtor's right to the exemption be determined. If the defendant fail to appear, judgment by default may be taken against him, adjudging that he is not entitled to the property or debt as exempt; but if he appear, the court shall, on his motion, cause an issue to be made up and tried between him and the plaintiff.

(emphasis added).

¶15. In this case Stevens & Ward answered the Writ of Garnishment on December 4, 1995, and admitted that it had a debt to Glenn Folse in the amount of $7,303.33; denied that it was in possession of personal effects of Folse; denied knowledge of persons or entities indebted to Folse; provided the last known address of Folse as being 1001 Edenbourne Street, Pineville, Louisiana 71360; denied that Folse had ever been an employee of Stevens & Ward; stated that Folse was believed to be an in-patient at a medical facility in the State of Louisiana; stated that it "has no information indicating whether the funds described above are exempt from execution pursuant to Miss. Code Ann. § 85-3-1, et seq. (1972)"; and that it had interpled the disputed funds in Hinds County Chancery Court. As Stevens & Ward did not suggest an exemption, the clerk had no duty under § 11-35-33 to issue notice to Folse. The clerk in this case felt otherwise, and issued the notice on January 5, 1996. Folse raised this issue on direct appeal and the Court of Appeals found it be without merit.

¶16. Where a judgment debtor is only entitled to notice of the garnishment action if the garnishee suggests exemptions under § 11-35-33, the notice provisions of M.R.C.P. 55 are inconsistent with the statutes, and are not applicable. Folse's remedy is against Stevens & Ward for failure to raise the applicable exemption(s) in its answer to the garnishment action. *See City of Laurel v. Turner*, 80 Miss. 530, 31 So. 965 (1902)(predecessor statute to § 11-35-33 "marks out the course of the garnished debtor; and, if he fails to observe it, he fails at his own peril. Exemptions are highly favored by the law, and their protection may not be defeated by the intention or negligence of garnishees."). This was the position of the Court of Appeals dissent and we find that it is the correct one. The judgment of the Court of Appeals is reversed, and the judgment of the Lauderdale County Circuit Court is reinstated.

¶17. **REVERSED.**

**PRATHER, C.J., BANKS, P.J., McRAE, SMITH, MILLS AND COBB, JJ., CONCUR. WALLER AND DIAZ, JJ., NOT PARTICIPATING.**