ROBERTS, J.,
for the Court.
¶ 1. Y-D Lumber Company, Inc., (Y-D) appeals the Humphreys County Circuit Court’s “determination of priority of garnishments” of the wages of Lawrence Browder, Chancery Clerk of Humphreys County. Y-D argues that all prior garnish-ors’ services of process on Humphreys County were defective, and as a result, its garnishment must necessarily be satisfied first. After careful review, we must conclude that the circuit court erred when it determined that priority of garnishments is based on service of the writ rather than the filing of the writ. Accordingly, we reverse the circuit court’s decision that the six prior garnishors properly served Hum-phreys County with process, and we remand this matter to the circuit court for further proceedings. Additionally, we must find that the circuit court should have ordered Y-D to join the six prior garnishors before the circuit court determined priority.
FACTS AND PROCEDURAL HISTORY
¶ 2. Y-D obtained a default judgment against Browder and attempted to collect on that judgment. Having successfully suggested a writ of garnishment, Y-D was required to serve Browder’s employer— Humphreys County — with process. Because Browder was then the Chancery Clerk of Humphreys County, Y-D was required to serve the Sheriff of Hum-phreys County. Miss.Code Ann. § 11-35-11(2) (Rev.2004).
¶ 3. The record does not contain Hum-phreys County’s answer, but it appears that Humphreys County responded and informed Y-D that multiple judgment creditors had pre-existing garnishments against Browder and that those garnishments took priority over Y-D’s garnishment.[1] In response, Y-D filed what it *795 termed a “motion to determine priority of garnishment.” Although Y-D disputed Humphreys County’s response, Y-D did not expressly contest Humphreys County’s answer pursuant to Mississippi Code Annotated section 11-35-45 (Rev.2004). Y-D claimed that Humphreys County was incorrect in its position that Y-D’s garnishment was last in priority, but the crux of Y-D’s motion was its request that the circuit court establish actual priority. YD argued that the priority of garnishments was based on the order that a garnishor serves process upon a garnishee. Y-D reasoned that it should have first priority because it properly served the sheriff while the other six garnishors failed to serve the sheriff.
¶ 4. Y-D later successfully moved to supplement the record. Y-D submitted copies of the six prior writs of garnishment.[2] The record only contains two returns of service of process. In one, a process server served a writ on a Hum-phreys County Justice Court judge. In the other, a process server served a writ on a Humphreys County deputy chancery clerk. Additionally, the record only contains answers to two of those six writs.
¶ 5. After the circuit court conducted a hearing on Y-D’s motion, the circuit court fulfilled Y-D’s request to determine priority of garnishments — albeit not in the manner Y-D would have preferred. The circuit court determined that priority of the garnishments was based on the date that each was filed. The circuit court also determined that the portion of Browder’s wages that were paid to the IRS was not a garnishment, but it was instead a voluntary wage withholding.
¶ 6. Aggrieved, Y-D appeals and claims that the circuit court erred when it determined the priority of garnishments based on the filing date. Y-D revisits its argument before the circuit court. That is, YD argues that because the six prior gar-nishors failed to serve process upon the Sheriff of Humphreys County, its garnishment should take priority over the other garnishments.
¶ 7. Before we begin our analysis of this appeal, we must address the fact that Browder filed a brief and Humphreys County failed to file a brief. Humphreys County is the appellee in this matter. That is, garnishment is a proceeding between the successful plaintiff, now the judgment creditor and garnishor, and a garnishee. See Folse v. Stennett-Yancey, 757 So.2d 989, 991-92(¶14) (Miss.2000). Browder, the original defendant and now the judgment debtor, is not a party to the garnishment proceedings. Id. Even so, Browder filed an appellee’s brief. Brow-der is not a party to these proceedings, and he had no standing to file a brief. Accordingly, Browder’s' brief is stricken from the record.
STANDARD OF REVIEW
¶ 8. “This Court uses a de novo standard of review when passing on questions of law.” Ellis v. Anderson Tully Co., 727 *796 So.2d 716, 718(¶ 14) (Miss.1998). Although we might take Humphreys County’s failure to file a brief as an admission of error, we are not required to do so if we “can say with confidence, after considering the record and brief of appealing party, that there was no error.” State v. Maples, 402 So.2d 350, 353 (Miss.1981) (quoting Burt v. Duckworth, 206 So.2d 850, 853 (Miss.1968)). Furthermore, this court “may, at its option, notice a plain error not identified or distinctly specified” by the parties. M.R.A.P. 28(a)(3).
WHETHER THE TRIAL COURT ERRED IN ITS DETERMINATION OF GARNISHMENT PRIORITY.
¶ 9. Mississippi Code Annotated section 11-35-24(1) (Rev.2004) provides that “[w]here more than one garnishment has been issued against an employee of a garnishee, such garnishee shall comply with the garnishment with which he was first served.” Subsequent garnishments are to be paid only after prior garnishments are fully satisfied. Miss.Code Ann. § 11—35— 24(3) (Rev.2004).
¶ 10. Pursuant to Mississippi Code Annotated section 11-35-9 (Rev.2004), “[a] writ of garnishment ... shall be served as a summons is required by law to be executed .... ” The Mississippi Rules of Civil Procedure allow that service of a summons may be waived “with the same effect as if [the party] had been duly served with process, in the manner required by law on the day of the date thereof.” M.R.C.P. 4(e). Waiver can be explicit, or it can result from failure of the garnishee to object to the sufficiency of service in its responsive pleading. M.R.C.P. 12(b)(4).
¶ 11. Where service of a writ of garnishment is insufficient on its face, the date of service for garnishment purposes is the date of effective waiver. Roy v. Heard & Simmons, 38 Miss. 544, 545 (1860). If the prior garnishors’ services of process on Humphreys County were defective, the date of service for each is the day Humphreys County waived the defense of insufficient service of process by filing an answer to that garnishor’s writ. Accordingly, the circuit court’s determination that priority was based on the date of filing is patently incorrect.
¶ 12. Additionally, the circuit court erred when it did not require Y-D to join the prior garnishors in its motion. Rule 19(a) of the Mississippi Rules of Civil Procedure sets forth as follows:
A person who is subject to the jurisdiction of the court shall be joined as a party in the action if: (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
M.R.C.P. 19(a)(l)-(2). Rule 19(a) goes on to state that “[i]f he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant or, in a proper case, an involuntary plaintiff.” M.R.C.P. 19(a) (emphasis added).
¶ 13. The record at trial only contained two of Humphreys County’s answers to the prior writs of garnishment. Because the record does not contain any indication that Humphreys County filed an answer incident to the writs of the prior garnishors, we cannot determine if waiver occurred in each instance—much less when waiver occurred. We cannot assume *797 that a garnishee actually waived complete service of process by filing an answer. Humphreys County does not have the same incentive to answer as a non-state or non-municipality defendant, because there can be no default judgment against such a defendant for failing to answer a writ of garnishment. Miss.Code Ann. § 11-35-13 (Rev.2004). We certainly cannot assume that a garnishee waived service of process in the same sequential or chronological order that the prior garnishors attempted service of process.
¶ 14. In the event that waiver of service of process actually occurred, and that it occurred in an order that does not comport to the order in which the prior garnishors attempted to serve process, the circuit court’s resolution could absolutely “impair or impede” the prior garnishors’ abilities to protect their interests. The circuit court cannot fully and completely determine priority without first requiring that Y-D join the prior garnishors. Without question, the prior garnishors had a significant pecuniary interest in the disposition of Y-D’s motion to determine priority and the circuit court’s subsequent fulfillment of that request.
¶ 15. Accordingly, this Court: (1) affirms the circuit court’s decision regarding the character of the IRS voluntary wage withholding, (2) reverses the circuit court’s decision that priority of garnishments is based on the date of filing, and (3) remands this matter to the circuit court. Upon remand, the circuit court must require that Y-D join the prior garnishors as parties, determine the status of those garnishments, determine whether Humphreys County filed an answer to each writ of garnishment without raising insufficiency of service of process, and prioritize the garnishments (including Y-D’s) based on the date that Humphreys County waived service of process.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE DIVIDED EQUALLY BETWEEN THE PARTIES.
LEE, P.J., GRIFFIS, BARNES AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN PART. MYERS, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., AND ISHEE, J. IRVING, J., NOT PARTICIPATING.

. As mentioned, the record before us does not contain a copy of Humphreys County’s answer. However, the circuit clerk’s docket sheet indicates that Humphreys County filed its answer on October 5, 2006. Y-D’s motion to determine priority of garnishments stated, "Humphreys County filed an answer, a copy of which is attached hereto.” Additionally, *795 the transcript of the hearing on Y-D’s motion references that Humphreys County “stated that there was already six different garnishments ahead of Y[-]D."

. Three of the prior writs of garnishment have handwritten notes that could indicate that those garnishments have been satisfied. For example, the earliest-filed writ of garnishment was for $2,748.01. There are handwritten notations on the copy of that writ indicating six payments of $400 from February through July 2000 and one payment of $348.01 on August 2000. We do hot mention this to suggest that the writ has, in fact, been satisfied. Instead, we mention this merely to point out that there is at least some indication that it may have been satisfied. Two other writs have similar handwritten notations.