LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Beverly and Robert Evans were divorced in 1998. Robert sought modification of child support, which the chancellor granted in a May 13, 2009 order and clarified in a July 28, 2009 order. In the original order, the chancellor found a material change in circumstances and decreased Robert’s monthly child-support payments from $2,000 to $1,000 for a six-month period. Robert was also required to maintain a life-insurance policy for the benefit of his son and provide his son’s health and automobile insurance. Robert was ordered to pay $1,000 for Beverly’s attorney’s fees. In the July 28, 2009 order, the chancellor found Robert in contempt for defaulting on $14,750 in child-support payments; required Robert to pay two installments of $100 each month until this arrearage was fully paid; and awarded Beverly an additional $1,300 in attorney’s fees.
¶ 2. Robert appealed in Evans v. Evans, 75 So.3d 1083 (Miss.Ct.App.2011). This Court remanded the issue of attorney’s fees, and instructed the chancellor that “any award of attorney’s fees must be supported with findings concerning Beverly’s inability to pay and the reasonableness of the award under the McKee [1] factors.” Id. at 1090 (¶ 26). We also reversed the chancellor’s reduction of Robert’s child-support obligation and remanded “for the chancellor to make findings regarding the child-support guidelines and deviation criteria.” Id. at 1085 (¶ 2). We reversed and *246 rendered on the issue of contempt and affirmed “the chancellor’s refusal to relate the modification order back to an earlier date.” Id.
¶ 8. On October 23, 2012, Beverly filed a suggestion for a writ of garnishment in the Washington County Circuit Court. Beverly based the garnishment request on the July 28, 2009 order issued by the chancellor, and sought the $14,750 arrear-age of child support, as well as an additional $2,000 in attorney’s fees. Three writs of garnishment were issued. Robert then sought to have those garnishments quashed. After a hearing on the matter, the circuit court set aside the writs of garnishment. Beverly moved for reconsideration. The circuit court denied Beverly’s motion for reconsideration and found that “a final judgment ha[d] not been rendered in this matter. Therefore, the garnishment was improper.”
¶ 4. Beverly now appeals, arguing: (1) the July 28, 2009 order was a final judgment; and (2) she is entitled to writs of garnishment regardless of the finality of the July 28, 2009 order.
STANDARD OF REVIEW
¶ 5. When addressing questions of law, this Court uses a de novo standard of review. Y-D Lumber Co., Inc. v. Humphreys Cnty., 2 So.3d 793, 796 (¶ 8) (Miss.Ct.App.2009).
DISCUSSION
¶ 6. Mississippi Code Annotated section 11-35-1 (Rev.2004) provides that a writ of garnishment may be issued “[o]n the suggestion in writing by the plaintiff in a judgment or decree in any court upon which an execution may be issued[.]” Under Mississippi Rule of Civil Procedure 54(a), a judgment is “a final decree and any order from which an appeal lies.” For a judgment to be final, it must “adjudicate the merits of the controversy which settles all issues as to all the parties and requires no further action by the lower court.” Walters v. Walters, 956 So.2d 1050, 1053 (¶ 8) (Miss.Ct.App.2007) (internal quotations omitted).
¶ 7. The July 28, 2009 order on which Beverly based the suggestions for the writs of garnishment was the subject of the appeal in Evans, 75 So.3d 1083. In that opinion, this Court reversed the chancellor’s reduction of Robert’s child-support obligation and remanded “for the chancellor to make findings regarding the child-support guidelines and deviation criteria.” Id. at 1085 (¶ 2). Additionally, this Court ordered the chancellor to make findings on the issues of attorney’s fees and child support. The chancellor was instructed to make findings regarding Beverly’s inability to pay the attorney’s fees and to address the reasonableness of the award under the McKee factors. Id. at 1090 (¶ 26). These findings were never made. As of the date of this opinion, those issues are still on remand in the Washington County Chancery Court. Because action is still required by the chancery court, the judgment was not a final judgement. Therefore, we affirm the judgment of the circuit court.
¶ 8. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. McKee v. McKee, 418 So.2d 764, 767 (Miss.1982).